**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 27, 2004
Decided June 8, 2005

**Before**

Hon. Joel M. Flaum, *Chief Judge*

Hon. Daniel A. Manion, *Circuit Judge*

Hon. Michael S. Kanne, *Circuit Judge*

No. 03-3380

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　*Plaintiff-Appellee,*<br><br>　　　v.<br><br>JOHN D. OHLINGER,<br>　　　　*Defendant-Appellant.* | Appeal from the United States District Court for the Western District of Wisconsin.<br><br>No. 02 CR 150<br><br>John C. Shabaz,<br>*Judge.* |

**O R D E R**

The district court sentenced defendant-appellant John D. Ohlinger to 360 months in prison after he pled guilty to one count of transporting in interstate commerce a visual depiction of a minor engaged in sexually explicit conduct. On March 10, 2005, we ordered a limited remand pursuant to *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), for the sentencing judge to determine whether he would have imposed the same sentence had he understood that the sentencing guidelines were advisory.

On April 19, 2005, Judge Shabaz issued a memorandum and order advising us that he would have imposed the same sentence. Therefore, Ohlinger has not shown that his substantial rights were affected by any error in his original sentence, and we will affirm the original sentence provided that it is reasonable.

*See id.* at 484.

In his memorandum and order, Judge Shabaz provided a thorough explanation for his conclusion that the original sentence of 360 months was appropriate.  The sentencing judge properly considered the relevant factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense, the history and characteristics of defendant, the purpose for imposing the sentence, and the sentencing range established by the advisory guidelines.  Judge Shabaz found that defendant's offense and relevant conduct were particularly egregious.  He also outlined defendant's extensive history of sexual abuse and misconduct as well as his deviant internet communications, concluding that defendant "is still extremely interested in sex with children" and continues to pose a "tremendous danger" to the community.  Under these circumstances, we do not find that the sentence of 360 months is unreasonable.  Accordingly, the judgment of the district court is AFFIRMED.