**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

July 21, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Nos. 03-3051 & 03-3064

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeals from the United States District Court for the Western District of Wisconsin |
| v. | No. 03 CR 06 |
| JOVAN ALEXANDER and SHANNON HUGHES, *Defendants-Appellants*. | John C. Shabaz, *Judge*. |

**O R D E R**

After the Supreme Court instructed that the sentencing guidelines are to be applied only in advisory fashion, *United States v. Booker*, 125 S. Ct. 738 (2005), we ordered a limited remand to determine whether the district court would have sentenced these appellants differently had it known that it was not bound by the guidelines. *See United States v. Paladino*, 401 F.3d 471, 481 (7th Cir. 2005). The district judge has replied that in both cases he would have imposed identical sentences even under advisory guidelines. We invited the parties to file arguments concerning the reasonableness of the sentences. Having reviewed these responses, we now affirm both sentences.

We recently held that a sentence within the applicable guideline range is presumptively reasonable. *United States v. Mykytiuk*, No. 04-1196, 2005 WL 1592956, at *1 (7th Cir. July 7, 2005). An appellant can rebut the presumption by

demonstrating that his sentence is unreasonable when measured against the factors set forth in § 3553(a).  *Id.* at *2.  Here, each appellant received a sentence within the guideline range.  Alexander received a sentence of 300 months—the middle of the range of 262 to 327 months.  And Hughes's 327-month sentence is in the middle of the calculated range of 292 to 365 months, or, as the parties characterize it, at the top end of the range that would result from a one-level "departure" for substantial assistance.

Each appellant argues that his sentence was unreasonable and asks us to remand for resentencing, and the government in both cases urges us to affirm.  We conclude that neither appellant has presented an argument sufficient to rebut the presumption of reasonableness.  The district court gave due weight to the § 3553(a) factors and found that in each case, the sentence imposed was appropriate to hold the defendant accountable for the severity of his crime and to protect the community from a substantial risk of recidivism.  Accordingly, as to both appellants, we AFFIRM the judgment of the district court.