**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted July 11, 2005
August 1, 2005

**Before**

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 04-1428

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, <br><br> v. <br><br> DARRELL G. HEDGES, <br> *Defendant-Appellant*. | Appeal from the United States District Court for the Western District of Wisconsin <br><br> No. 03-CR-106-S-01 <br><br> John C. Shabaz, <br> *Judge*. |

**O R D E R**

After the Supreme Court instructed that the sentencing guidelines are to be applied only in advisory fashion, *United States v. Booker*, 125 S. Ct. 738 (2005), we ordered a limited remand to determine whether the district court would have sentenced Hedges differently had it known that it was not bound by the guidelines. *See United States v. Paladino*, 401 F.3d 471, 481 (7th Cir. 2005).  The district judge replied that he would have imposed an identical sentence even under advisory guidelines.  We invited the parties to file arguments concerning the reasonableness of the sentences.  The government responded within the seven-day deadline but Hedges did not.  We now affirm the sentence.

We recently held that a sentence within the properly calculated guideline range is presumptively reasonable.  *United States v. Mykytiuk*, No. 04-1196, 2005 WL 1592956, at *1 (7th Cir. July 7, 2005).   An appellant can rebut the presumption

by demonstrating that his sentence is unreasonable when measured against the factors set forth in § 3553(a).  *Id.* at \*2.  Here, Hedges received a 188-month sentence, at the top of the range of 151 to 188 months.

Hedges made no argument as to why his sentence might be unreasonable, and he has therefore failed to rebut the presumption of reasonableness.  The district court gave due consideration to the factors set forth in 18 U.S.C. § 3553(a), such as Hedges's past military service and his chemical dependency, and found that the sentence imposed was appropriate in light of the interests in holding Hedges accountable for the severity of his crime and deterring him from further criminal conduct.  Accordingly, we AFFIRM the judgment of the district court.