# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 02-2808

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

WILLIAM B. HITE,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 01 CR 20077—**Michael P. McCuskey**, *Chief Judge.*

SUBMITTED JULY 22, 2005—DECIDED SEPTEMBER 27, 2005

Before FLAUM, *Chief Judge*, and COFFEY and KANNE,
*Circuit Judges*.

COFFEY, *Circuit Judge.* On April 14, 2004, we affirmed
William Hite's convictions for possession of an unregistered
short-barreled rifle in violation of 26 U.S.C. § 5861(d), and
possession of a firearm with an obliterated serial number,
in violation of 18 U.S.C. § 922(k). *United States v. Hite*, 364
F.3d 874 (7th Cir. 2004). Hite subsequently filed a petition
for a writ of certiorari with the Supreme Court, which the
Court granted on January 24, 2005, vacating our judgment
and remanding the case for further proceedings in light of
*United States v. Booker*, 125 S. Ct. 748 (2005).

On remand from the Supreme Court, we reaffirmed our holding in *United States v. Hite*, 364 F.3d 874 (7th Cir. 2004) in its entirety, but ordered a limited remand to the district court for proceedings consistent with *United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005). *See United States v. Hite*, No. 02-2808, at *2 (7th Cir. June 8, 2005). On July 22, 2005, the district judge issued an order advising this court that he would have imposed an identical sentence had he known that the sentencing guidelines were merely advisory. Accordingly, on July 28, 2005, we invited the parties to file any arguments concerning the final disposition of this appeal within seven days. Defendant Hite chose not to respond to this invitation.

Hite's sentence—two 57-month terms to be served concurrently, two terms of 3 years of supervised release to be served concurrently thereafter, and a $200 special assessment—falls within the properly calculated guidelines range and is thus presumptively reasonable, *see United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005), a presumption which Hite has not attempted to rebut. *See United States v. Hedges*, No. 04-1428, 2005 WL 1799334, at *1 (7th Cir. Aug. 1, 2005). In addition, Hite's sentence lies in the middle of the appropriate guidelines range[1] and reflects the district court's reasoned consideration of a number of the factors enumerated in 18 U.S.C. § 3553(a). Indeed, when concluding that he would have imposed the same sentence had the guidelines been merely advisory, the district judge specifically considered: (a) Hite's "four prior convictions"; (b) the fact that he was on probation at the time he was charged with the two felonies at issue in this

---

[1] Considering Hite's criminal history (four prior convictions) and the fact that he was on probation at the time of his arrest, it would have been well within the discretion of the trial judge to sentence Hite at the top of the applicable guidelines range.

case; and (3) his failure to accept responsibility. *United States v. Hite*, No. 01-20077 (N.D. Ill. July 22, 2005); *see also United States v. Alburay*, 415 F.3d 782, 786-87 (7th Cir. 2005) (stating that "given the comprehensive scope of the guidelines, '[j]udges need not rehearse on the record all of the considerations that 18 U.S.C. § 3553(a) lists; it is enough to calculate the [guideline] range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less.'") (citing *United States v. George*, 403 F.3d 470, 472-73 (7th Cir. 2005)). Accordingly, we hold Hite's sentence to be reasonable.

The district court is AFFIRMED.

A true Copy:

      Teste:

                _____
                *Clerk of the United States Court of*
                *Appeals for the Seventh Circuit*