**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

October 3, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 04-1431

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 03 CR 40024 |
| JOHN PENROD, *Defendant-Appellant.* | J. Phil Gilbert, *Judge* |

**O R D E R**

John Penrod challenged his 384-month total sentence for dealing crack based on the Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005), contending that the district court committed plain error by applying the sentencing guidelines in a mandatory fashion.  We issued a limited remand pursuant to *United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005), to allow the district judge an opportunity to consider whether he would impose the same sentence with the knowledge that the guidelines are not mandatory.

The district court responded that if given the opportunity it would "reimpose the same sentence."  Penrod's sentence is within a properly calculated range under

the guidelines, and is therefore presumptively reasonable. *See United States v. Mykytiuk,* 415 F.3d 606, 608 (7th Cir. 2005). Penrod argues however, that his sentence is nonetheless too long because with advancing age (he is 39) and drug treatment his likelihood of recidivism will decrease. He also contends that 384 months is unreasonable relative to the sentences given to his coconspirators and relative to defendants who distribute powder cocaine rather than crack. But the district court was aware of but unmoved by these contentions because of Penrod's "horrendous" criminal history and "lack of remorse." We find that the district court adequately considered the relevant factors under 18 U.S.C. § 3553(a), particularly the nature and circumstances of the offense and the history and characteristics of the defendant. Accordingly, the sentence is not unreasonable, and the judgment is therefore AFFIRMED.