**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

November 8, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 04-2720

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 00 CR 634 |
| DELPHINE CARSON, *Defendant-Appellant*. | Blanche M. Manning, *Judge*. |

**O R D E R**

Delphine Carson challenged her 24-month sentence for conspiring to possess and actually possessing goods stolen from interstate shipments, *see* 18 U.S.C. §§ 371, 659, based on *United States v. Booker*, 125 S. Ct. 738 (2005).  We ordered a limited remand to the district court for proceedings consistent with *United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005).  The district judge then issued an order advising this court that she would impose the same sentence had she known that the guidelines were merely advisory.

Carson's sentence is at the bottom of a properly calculated range under the guidelines, and is therefore presumptively reasonable.  *See United States. v Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).  Carson argues that her sentence was

unreasonable because the nature of her crime did not warrant the sentence enhancement she received, and because her overall sentence was longer than necessary to deter her from future crime. But the district judge properly determined the offense level based on the value of the loss and Carson's role in the heist. She then justified the sentence under the factors enumerated in 18 U.S.C. § 3553(a), specifically considering the "nature and circumstances of the offense," and "the history and characteristics of the defendant." The district judge ultimately concluded that the sentence properly reflects the seriousness of Carson's crime, and is sufficiently long to deter her from future crime. She also justified the sentence at the bottom of the recommended range based on Carson's insignificant prior criminal history, and because the sentence adequately protects the public from additional criminal activity. Accordingly, the sentence is not unreasonable, and the judgment is therefore AFFIRMED.