UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Argued February 24, 2005
Decided June 8, 2005

Before

Hon. Joel M. Flaum, *Chief Judge*

Hon. Daniel A. Manion, *Circuit Judge*

Hon. Terence T. Evans, *Circuit Judge*

No. 04-1362

| | |
|---|---|
| United States of America, | Appeal from the United States District Court for the Western |
| *Plaintiff-Appellee*, | District of Wisconsin |
| *v.* | No. 03 CR 137 |
| Christine L. Applewhite, | John C. Shabaz, *Judge.* |
| *Defendant-Appellant.* | |

ORDER

Christine Applewhite challenged her sentence of fifty months' imprisonment in light of *United States v. Booker*, 125 S.Ct. 738 (2005), contending that the district court committed plain error in its application of the then-mandatory sentencing guidelines.[1] While we found that Applewhite had established the first two requirements of the plain error analysis by showing an error that was plain, we did not have sufficient information to evaluate the prejudice prong of the analysis - whether the plain error affected Applewhite's substantial rights. Based on *United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005), we issued a limited

---

[1]Our initial April 26, 2005 decision in this case resolved all issues on appeal except Applewhite's challenge to her sentence based upon *Booker*.

remand to the Western District of Wisconsin to determine whether it would impose the same sentence now that the guidelines are no longer mandatory, thus supplying this court with the information necessary to complete its plain error evaluation.

We have received a memorandum from the district court regarding the effect of *Booker* on Applewhite's sentence and can now resolve the *Booker* issue. In its memorandum, the district court explained that it would again impose the identical sentence of fifty months on Applewhite post-*Booker*. Since Applewhite's sentence would remain the same, the *Booker* error did not affect Applewhite's substantial rights, and Applewhite cannot show plain error. *See id.* at 484.

Under *Paladino*, however, our review does not end upon the completion of the plain error analysis. *See id.* at 484. Rather, we must also analyze whether the sentence was reasonable. *Id.* ("We will affirm the original sentence against a plain-error challenge provided that the sentence is reasonable, the standard of appellate review prescribed by *Booker*, 125 S.Ct. at 765. The proviso is important; the mere reimposition of the original sentence does not insulate it from appellate review under the new standard.").

In this case, the sentence was reasonable. The district court correctly considered several factors mentioned in 18 U.S.C. §3553(a), including the seriousness of Applewhite's conduct and the hardship that she caused, as well as the danger of recidivism and the need to deter such conduct. *See Booker*, 125 S.Ct. at 765-66. ("Those factors [listed in § 3553(a)] in turn will guide appellate courts, as they have in the past, in determining whether a sentence is unreasonable.") Furthermore, as we have stated previously, "the Guidelines continue to inform district judges' decisions," despite their now-advisory nature. *United States v. George*, 403 F.3d 470, 472 (7th Cir. 2005). While the guidelines no longer bind, they remain an essential tool for the district courts to consult when deciding upon a sentence. *See Booker*, 125 S.Ct. at 767. Here, the district court consulted the guidelines and imposed a sentence in the guideline range. As the district court looked at proper factors when deciding upon the sentence and reached a sentence that was within the range provided by the advisory guidelines, we are satisfied that the sentence is reasonable.

Based on the information received from the district court, we conclude that Applewhite's sentence of imprisonment did not constitute plain error in light of *Booker*. Further, Applewhite's sentence was reasonable. Therefore, we AFFIRM the district court's original sentence.