# In the

# United States Court of Appeals

## For the Seventh Circuit

---

No. 04-1196

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

ROBERT MYKYTIUK,

*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 03 CR 78—**John C. Shabaz**, *Judge*.

---

SUBMITTED MAY 31, 2005—DECIDED JULY 7, 2005

---

Before POSNER, ROVNER, and WOOD, *Circuit Judges.*

WOOD, *Circuit Judge.* On January 14, 2004, Robert Mykytiuk was convicted of possessing pseudoephedrine with intent to manufacture methamphetamine, see 21 U.S.C. § 841(c)(2), and for possessing a firearm in furtherance of drug trafficking, see 21 U.S.C. § 924(c)(1)(A). Understandably treating the Sentencing Guidelines as mandatory, the district court enhanced Mykytiuk's sentence on the basis of facts found by a preponderance of the evidence, ultimately imposing a 150-month sentence. While we affirmed Mykytiuk's conviction on April 1, 2005, we concluded that the Supreme Court's decision in *United States v. Booker*,

125 S.Ct. 738 (2005), required one more step before we could rule on his sentence. Like many defendants, Mykytiuk did not raise a *Booker*-like objection to his sentence before the district court, and so the plain error standard of review applies at this point. Following the procedures outlined in *United States v. Paladino*, 401 F.3d 471, 481 (7th Cir. 2005), we ordered a limited remand to the district court to see whether it was inclined to change the sentence now that it is clear that the Sentencing Guidelines are advisory only. See *United States v. Mykytiuk*, 402 F.3d 773 (7th Cir. 2005). The district court has now informed us that it is not disposed to change the sentence. Under these circumstances, "we will affirm the original sentence against a plain-error challenge provided that the sentence is reasonable, the standard of appellate review prescribed by *Booker*, 125 S.Ct. at 765." *Paladino*, 401 F.3d at 484. We asked the parties to address this final component of the *Paladino* plain error equation—the reasonableness of Mykytiuk's sentence—and now having received those responses, we find Mykytiuk's sentence reasonable.

We write here to explain briefly how we have reached that conclusion. The Sentencing Guidelines represent at this point eighteen years' worth of careful consideration of the proper sentence for federal offenses. When the Supreme Court directed the federal courts to continue using the Guidelines as a source of advice for proper sentences, it expected that many (perhaps most) sentences would continue to reflect the results obtained through an application of the Guidelines. But "many or most" sentences cannot mean "all" sentences. Put differently, *Booker* does not hold that a Guidelines sentence must conclusively be presumed to be reasonable. See *United States v. Crosby*, 397 F.3d 103, 115 (2d Cir. 2005) (finding that a *per se* rule would "risk being invalidated as contrary to the Supreme Court's holding in *Booker/Fanfan*, because [that] would effectively re-institute mandatory adherence to the Guidelines."). This fact is

reflected in our *Paladino* opinion, which reserved review of the reasonableness of even those sentences that fall within a properly calculated Guidelines range.

But while a *per se* or conclusively presumed reasonableness test would undo the Supreme Court's merits analysis in *Booker*, a clean slate that ignores the proper Guidelines range would be inconsistent with the remedial opinion. As *Booker* held, "the district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *Booker*, 125 S.Ct. at 767. The Guidelines remain an essential tool in creating a fair and uniform sentencing regime across the country. "The Sentencing Commission will continue to collect and study [district court] and appellate court decisionmaking. It will continue to modify its Guidelines in light of what it learns, thereby encouraging what it finds to be better sentencing practices." *Id.* at 766. The best way to express the new balance, in our view, is to acknowledge that any sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness.

This is a deferential standard, as our many post-*Booker* orders already have reflected. See, *e.g.*, *United States v. Mitra*, No. 04-2328, 2005 WL 1390278 (7th Cir. 2005); *United States v. Applewhite*, No. 04-1362, 2005 WL 1353623 (7th Cir. 2005); *United States v. Ohlinger*, No. 03-3380, 2005 WL 1353682 (7th Cir. 2005). The defendant can rebut this presumption only by demonstrating that his or her sentence  is unreasonable when measured against the factors set forth in § 3553(a). See *Booker*, 125 S.Ct. at 766 (noting that the factors in § 3553(a) "will guide appellate courts, as they have in the past, in determining whether a sentence is unreasonable."). While we fully expect that it will be a rare  Guidelines sentence that is unreasonable, the Court's charge that we measure each defendant's sentence against the factors set forth in § 3553(a) requires the door to be left open for this possibility.

In this case, the district court arrived at Mykytiuk's 150-month sentence through a proper application of the Guidelines. Earlier misconduct placed Mykytiuk in Criminal History Category II and, based on the circumstances of his drug and firearm possession, the district court properly lengthened Mykytiuk's sentence by a number of months. See U.S.S.G. § 2D1.1(b)(6)(B) (enabling an increase of three levels to a defendant's Base Offense Level if the manufacture of methamphetamine created a substantial risk of harm to human life). On the limited *Paladino* remand, the court considered the relevant factors in § 3553(a) and found that they did not necessitate a shortening of Mykytiuk's sentence. Since Mykytiuk has offered nothing to indicate that his sentence offends the § 3553(a) factors, he has failed to rebut the presumption that his Guidelines sentence is reasonable.

Because the district court would have imposed the same sentence post-*Booker* as it did pre-*Booker* and because that sentence is reasonable, Mykytiuk cannot meet the third plain error element; namely, that the changes wrought by *Booker* "affect[ed his] substantial rights." *Johnson v. United States*, 520 U.S. 461, 466-67 (1997). Accordingly, we find Mykytiuk's sentence was not the result of plain error, and we hereby AFFIRM that sentence.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*