**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

July 18, 2005

Before

Hon. WILLIAM J. BAUER, Circuit Judge

Hon. DANIEL A. MANION, Circuit Judge

Hon. ANN CLAIRE WILLIAMS, Circuit Judge

No. 04-2014

| | |
|---|---|
| United States of America,<br>            Plaintiff-Appellee,<br><br>    v.<br><br>Kevin W. Schmeilski,<br>            Defendant-Appellant. | Appeal from the United States District Court for the Central District of Illinois.<br><br>No. 02 CR 10099<br><br>Joe Billy McDade,<br>Judge. |

O R D E R

After concluding that Kevin Schmeilski's conviction should be affirmed, we ordered a limited remand so that the district court could determine whether it believed the sentence remains appropriate now that United States v. Booker, 125 S. Ct. 738 (2005), has relegated the United States Sentencing Guidelines to advisory status. See United States v. Paladino, 401 F.3d 471 (7th Cir. 2005).

The district court judge has replied that he would impose the same sentence today knowing that the Guidelines are not mandatory. Therefore, "we will affirm the original sentence against [Schmeilski's] plain error challenge provided the sentence is reasonable, the standard of review prescribed by Booker, 125 S. Ct. at 765." Paladino, 401 F.3d at 484.

On July 1, 2005, we invited the parties to file, within seven days, any arguments concerning the appropriate disposition of the appeal in light of the district court's decision. That time has now passed. We received a submission from the government but not from Schmeilski.

Schmeilski received a sentence within the applicable Guidelines range.[1] Therefore, the sentence is presumptively reasonable. United States v. Mykytiuk, 2005 WL 1592956, at *1 (7th Cir. July 7, 2005). The district court judge explained his belief that the sentence was required to reflect the seriousness of Schmeilski's conduct, as well as to protect the three minor stepchildren Schmeilski sexually exploited and the community. We see no reason why the sentence should be deemed "unreasonable." Accordingly, the judgment of the district court is AFFIRMED.

---

[1]Schmeilksi was sentenced to 213 months' imprisonment on Count 1 and 60 months on Count 3, to run concurrently with each other and with the unexpired term of a state court sentence on charges arising out of the same conduct. The 213 month sentence resulted from the district court's selection of a sentence at the high end of the applicable Guideline range (235 months), less credit for 22 months already served in state custody.