**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

September 22, 2005

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 03-3632

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>    *v.*<br><br>TYRONE O. YOUNG,<br>    *Defendant-Appellant.* | Appeal from the United States<br>District Court for the Eastern District<br>of Wisconsin<br><br>No. 00 CR 225<br><br>Rudolph T. Randa,<br>*Chief Judge.* |

**O R D E R**

Tyrone Young pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A). The district court sentenced him to 310 months' imprisonment, five years' supervised release, restitution of $1,200, a fine of $3,000 (because he couldn't pay any more), and a $100 special assessment.  Young appealed, raising the single issue of whether the court committed plain error by sentencing him under the formerly mandatory regime.  *See United States v. Booker*, 125 S. Ct. 738 (2005); *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005).  The government moved for a limited remand to the district court for a determination of whether it would have imposed the same sentence had it known the sentencing guidelines were advisory, *see Paladino*, 401 F.3d at 484.

   The court has responded that it would have imposed the same sentence, so the only remaining question is whether the sentence was reasonable. *See id.* The court departed downward on the government's motion to reward substantial assistance, *see* U.S.S.G. § 5K1.1. Before the departure, the guidelines range (actually a point, not a range) was life, based on an offense level of 44 and Young's 11 criminal history points, which put him in criminal history category V. But in granting the government's motion, the court effectively dropped the offense level to 36, yielding a range of 292 to 365 months. Since life would have been presumptively reasonable, *see United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005), the more favorable term imposed on Young was not unreasonably long, *see United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005). Young himself, who filed no response to the district court's response to the remand, gives us no reason to think so.

                                                                AFFIRMED.