**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued April 19, 2005
Decided September 29, 2005

**Before**

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 04-1003

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> v. <br><br> KENNETH HACKBARTH, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Eastern District of Wisconsin. <br><br> No. 02-CR-206 <br><br> Rudolph T. Randa, <br> *Chief Judge.* |

**O R D E R**

After concluding that the district court judge correctly found that Kenneth Hackbarth had abused a position of trust and therefore properly increased Hackbarth's offense level pursuant to U.S.S.G. § 3B1.3, we ordered a limited remand so that the district court could determine whether his sentence remained appropriate, now that *United States v. Booker*, 125 S. Ct. 738 (2005) has relegated the United States Sentencing Guidelines to advisory status. *See United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005).  The district court judge replied, indicating that he would impose the same sentence today knowing that the Guidelines are not mandatory.  On August 25, 2005, we invited the parties to file, within seven days, any arguments concerning the appropriate disposition of this appeal in light of the district court's decision.  That time has now passed without either party filing a brief.   We now affirm the sentence

imposed by the district court.

Hackbarth's 120-month sentence falls in the upper end of the applicable 97 to 121 months sentencing range under the Guidelines. A sentence within the properly calculated Guidelines range is presumptively reasonable. *See United States v. Mykytiuk*, 415 F.3d 606, 607 (7th Cir. 2005). An appellant can rebut this presumption by demonstrating that his sentence is unreasonable when measured against the factors set forth in § 3553(a). *Id.* at 607.

Here, Hackbarth has made no argument as to why his sentence might be unreasonable. The district court found that the "egregious nature and circumstances of the offense outweigh consideration of the history and characteristics of the defendant" under 18 U.S.C. § 3553(a). The facts in this case do not suggest otherwise: Hackbarth defrauded investors – many of them relatives and friends from church – of more than $6 million through his purported real estate investment firm. Instead of using investors' funds to buy or sell *any* property, he decided to use these funds for his own personal gain.

In light the presumption of reasonableness that attaches to the district court's sentence, as well as the facts of Hackbarth's crime, we see no why such a sentence should be deemed "unreasonable."

Accordingly, we AFFIRM the judgment of the district court.