UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

October 4, 2005

Before

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 03-3462

United States of America,
                    *Plaintiff-Appellee,*

v.

Loneta S. Carter,
                    *Defendant-*
*Appellant.*

Appeal from the United States District Court for the Northern District of Illinois, Western Division.

No. 02 CR 50069

Philip G. Reinhard,
*Judge.*

ORDER

We granted Loneta Carter's petition for rehearing and ordered a limited remand so that the district court judge could determine whether he believed Carter's sentence remained appropriate now that *United States v. Booker*, 125 S. Ct. 738 (2005), has relegated the United States Sentencing Guidelines to advisory status. *See United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005).

The district court judge has replied that he would impose the same sentence knowing that the Guidelines are not mandatory. We invited both parties to file any arguments concerning the appropriate disposition of the appeal in light of the district court's decision. Only the government chose to do so.

Because the district court judge informed us that he would impose the same

sentence knowing the Guidelines are advisory, "we will affirm the original sentence against [Carter's] plain error challenge provided the sentence is reasonable, the standard of review prescribed by *Booker*, 125 S. Ct. at 765." *Paladino*, 401 F.3d at 484. The applicable United States Sentencing Guidelines sentencing range here was 51 to 63 months' imprisonment, and the district court sentenced Carter to 60 months. Because Carter received a sentence within the properly-calculated guidelines range, the sentence is presumptively reasonable. *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).

On remand, the district court judge explained that he considered the parties' memoranda, the Presentence Investigation Report, the record of the proceedings at the original sentencing hearing, and the factors listed in 18 U.S.C. § 3553(a). After considering these factors and the now-advisory nature of the Guidelines, the district court judge concluded that the 60 month sentence was appropriate for reasons including: (1) the significant number of victims of the fraud; (2) the use of substantial amounts of investor funds for personal use; and (3) the continuation of the fraud after a state agency cease and desist order. On this record, we cannot say that Carter's sentence should be deemed "unreasonable."

Therefore, the judgment of the district court is AFFIRMED.