**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

November 4, 2005

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 04-2868

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       *Plaintiff-Appellee,*<br><br>  *v.*<br><br>DIRK D. JONES,<br><br>       *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division.<br><br>No. 02 CR 93<br><br>Rudy Lozano,<br>*Judge.* |

**O R D E R**

When we reviewed the sentence imposed on Dirk Jones for being a felon in possession of a firearm, we ordered a limited remand so that the district court could determine whether it would have given the same sentence now that *United States v. Booker*, 125 S. Ct. 738 (2005), has relegated the United States Sentencing Guidelines to advisory status. *See United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). The district court judge replied, indicating that he would impose the same sentence today knowing that the Guidelines are not mandatory. On September 8, 2005, we invited the parties to file, within seven days, any arguments concerning the appropriate disposition of the appeal in light of the district court's decision. Only appellee United States filed a brief. We now affirm the sentence imposed by the district court because we find the sentence reasonable.

Jones received the minimum sentence within the applicable guidelines range of 51-63 months imprisonment. We have held that a sentence within the properly calculated Guidelines range is presumptively reasonable. *See United States v. Mykytiuk*, 415 F.3d 606, 607 (7th Cir. 2005). An appellant can rebut the presumption by demonstrating that his sentence is unreasonable when measured against the factors set forth in 18 U.S.C. § 3553(a). *Id.* at 607.

Here, Jones has made no argument as to why his sentence might be unreasonable, i.e., why the district court should have made a downward departure from the applicable guidelines range. The district court found that Jones's purchase of a weapon for future illegal sale was a serious crime, that he has an extensive criminal history as well as a history of substance abuse, and that shorter stays in prison have thus far failed to rehabilitate him. In light of the presumption of reasonableness that attaches to the district court's sentence, Jones's failure to rebut the presumption, and the mercy shown by the district court in issuing the minimum sentence under the guidelines despite Jones's checkered past, we see no reason why the sentence should be deemed "unreasonable."

Accordingly, we AFFIRM the judgment of the district court.