**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 16, 2005
Decided November 16, 2005

**Before**

Hon. Frank H. Easterbrook, *Circuit Judge*

Hon. Diane P. Wood, *Circuit Judge*

Hon. Diane S. Sykes, *Circuit Judge*

No. 04-1388

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Western District |
| | of Wisconsin |
| v. | |
| | No. 03-CR-83-C-01 |
| ARIC R. BOTHUN, | |
| *Defendant-Appellant.* | Barbara B. Crabb, |
| | *Chief Judge.* |

**O R D E R**

We previously ordered a limited remand to allow the district court to inform us whether it considered Aric R. Bothun's sentence to be appropriate, given that the Sentencing Guidelines are no longer mandatory. See *United States v. Booker*, 125 S. Ct. 738 (2005); *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). The district court has responded that it would impose the same sentence under the advisory Guidelines. We invited both parties to file any arguments concerning the disposition of this case in light of the district court's decision. Bothun contends that the district court erred in its Guidelines calculation and that the use of *Booker* to determine his

sentence violates *ex post facto* principles. The government argues that the district court's decision to impose the same sentence is reasonable.

Bothun pleaded guilty to one count of attempting to possess with the intent to deliver 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 846. At sentencing, the district court found that Bothun was responsible for possessing with intent to distribute at least 3,000 but not more than 10,000 kilograms of marijuana equivalent, dictating an offense level of 34. The court then imposed a two-level enhancement under § 2D1.1(b)(1) for possession of a weapon in connection with a drug crime. After determining that the applicable Criminal History Category was III, the district court arrived at a Guidelines range of 235 to 293 months and sentenced Bothun to the bottom of this range.

On direct appeal, Bothun challenged only two aspects of the district court's Guidelines calculation: the court's application of the weapons enhancement and the court's refusal to grant a reduction for acceptance of responsibility under § 3E1.1. We rejected both arguments, stating that "we have found no error in the [district] court's application of the Guidelines...." *United States v. Bothun*, 424 F.3d 582, 587 (7th Cir. 2005). Nevertheless, on limited remand Bothun raised an additional challenge to his Guidelines calculation, that the district court failed to "consider that much of the methamphetamine in this case was for personal use, not distribution." Bothun now complains that the district court's failure to adjust his sentence downward based on this argument renders his sentence unreasonable.

The sole purpose of our limited remand in this case was to determine whether the defendant's sentence was plainly erroneous in light of *Booker*. See *Paladino*, 401 F.3d 483-84. Bothun therefore was not entitled to raise a new argument unrelated to *Booker* that he forfeited at sentencing and failed to raise on appeal. Bothun's second argument, that his sentencing under *Booker* violates *ex post facto* principles, is similarly unavailing. As Bothun recognizes, we have previously considered and rejected this precise claim. See *United States v. Paulus*, 419 F.3d 693 (7th Cir. 2005).

A sentence within the properly calculated Guidelines range is presumptively reasonable and an appellant "can rebut this presumption only by demonstrating that his or her sentence is unreasonable when measured against the factors set forth in [18 U.S.C.] § 3553(a). *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). As we stated in our earlier decision in this case, the district court properly calculated the Guidelines range. Bothun has not presented any arguments based on § 3553(a) and thus has failed to rebut the presumption of reasonableness that attaches to his sentence. We therefore find that the sentence is reasonable.

Accordingly, we AFFIRM the judgment of the district court.