**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

November 22, 2005

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 03-2905

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee*, | District Court for the Southern District |
| | of Indiana, Indianapolis Division. |
| *v.* | |
| | No. 02 CR 93 |
| MELVIN GIRTON, JR., | |
| *Defendant-Appellant*. | Larry J. McKinney, *Chief Judge*. |

**O R D E R**

Melvin Girton, Jr. was convicted of one count of conspiracy, 18 U.S.C. § 371, and three counts of mail fraud, 18 U.S.C. § 1341, for his role in a mortgage fraud scheme. He was sentenced to 44 months imprisonment. Following a timely appeal, we affirmed his conviction, and Girton filed a petition for rehearing and suggestion for rehearing en banc. While his petition was pending, the Supreme Court decided Blakely v. Washington, 124 S. Ct. 2531 (2004). In a supplement to his rehearing petition, Girton claimed that the district court erred in increasing his sentence based on its calculation of the amount of loss, a fact not found by the jury. And then came United States v. Booker, 125 S. Ct. 738 (2005).

After Booker, and pursuant to the procedures announced in United States v. Paladino, 401 F.3d 471 (7th Cir. 2005), we ordered a limited remand of this case to the district court.

The district court, on our limited remand, has determined that it would impose the same sentence upon Mr. Girton if it had known at the time of sentencing that the guidelines were

advisory.  After the district court gave us its views, we invited the parties to respond, and both have done so.

A sentence within a properly calculated guideline range is entitled to a rebuttable presumption of reasonableness and is reviewed, by us, deferentially.  United States v. Mykytiuk, 415 F.3d 606 (7th Cir. 2005).  The sentence Mr. Girton received here is consistent with the sentences of many codefendants who were also convicted in this case.  And nothing here even remotely suggests that the 44-month sentence imposed is unreasonable.

Accordingly, we DENY Mr. Girton's petition for rehearing and, because no judge has called for a vote on the petition for rehearing en banc, that petition is also DENIED.  With this action, this case is closed.