**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted June 29, 2005
Decided December 1, 2005

Before

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 04-3822

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District Court for the Southern District of Illinois. |
| Plaintiff-Appellee, | |
| v. | No. 03 CR 40079 |
| DAMON W. SKAGGS, | **J. Phil Gilbert**, *Judge.* |
| Defendant-Appellant. | |

O R D E R

Damon Skaggs pleaded guilty to one count of conspiracy to manufacture, distribute and possess with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ and 841(a)(1), 841(b)(1)(A) and 846. Applying the then-mandatory United States Sentencing Guidelines, the district court sentenced Mr. Skaggs to 188 months' imprisonment--the bottom of the applicable guideline range (188 to 235 months)--and five years' supervised release. On appeal, the Government conceded that, in light of the Supreme Court's decision

in *United States v. Booker*, 125 S. Ct. 738, 764 (2005) (holding that the mandatory nature of the United States Sentencing Guidelines resulted in violations of the Sixth Amendment right to a jury trial and rendering the Guidelines advisory), the district court erred in imposing Mr. Skaggs' sentence. We, therefore, ordered a limited remand pursuant to *United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005), for the district court to inform us whether it would have imposed the same sentence had it known that the Guidelines were not binding.

On October 21, 2005, the district court issued its *Paladino* statement. After soliciting and considering submissions from both parties, the district court advised us that it would have imposed the same sentence had it understood the Guidelines to be advisory. In its statement, the district court further informed us that it had considered all the factors set forth in 18 U.S.C. § 3553(a) and believed that the 188-month sentence was sufficient, but not greater than necessary, to effectuate the purposes of the Sentencing Reform Act of 1984.

*Booker* instructs us to review the district court's sentencing determination for reasonableness. *Booker*, 125 S. Ct. at 767. However, *Booker* also anticipates that, in arriving at a sentence, district courts will continue to look to the Guidelines in reaching appropriate sentences. *See id*. We have recognized that" [t]he Guidelines remain an essential tool in creating a fair and uniform sentencing regime across the country." *United States v. Mykytuik*, 415 F.3d 606, 608 (7th Cir. 2005). Thus, "any sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." *Id*. Under this deferential standard, a defendant "can rebut this presumption only by demonstrating that his or her sentence is unreasonable when measured against the factors set forth in [28 U.S.C.] § 3553(a)." *Id*. Theoretically, a sentence within the applicable guideline range can be unreasonable, but we have recognized that "it will be a rare" occurrence. *Id*.

Mr. Skaggs concedes that his sentence is within the applicable guideline range. However, Mr. Skaggs points to a number of factors related to his personal and criminal history that, he believes, suggest a more lenient sentence is in order, specifically the mandatory minimum sentence of ten years pursuant to 21 U.S.C. § 841(b). First, Mr. Skaggs was not a leader or supervisor in the conspiracy to "cook" methamphetamine. Second, Mr. Skaggs is a relatively young man (24 years old) and has had a problem with substance abuse since his childhood. Finally, Mr. Skaggs' prior crimes, which placed him in a criminal history category of six, were rather minor and resulted in only minimal jail time; the mandatory minimum sentence of ten years, therefore, would be adequate to deter Mr. Skaggs from further criminal activity.

Because Mr. Skaggs' sentence falls within the applicable guideline range, he bears the burden of establishing that the sentence imposed by the district court is

unreasonable based on the factors set forth in 18 U.S.C. § 3553(a).[1]  We do not believe that Mr. Skaggs has met this burden.  Looking to the factors set forth in § 3553(a), reasonable district court judges could disagree on the appropriate sentence for Mr. Skaggs.  One district court may consider Mr. Skaggs' relative youth and history of substance abuse and conclude that a sentence of ten years is sufficient to permit Mr. Skaggs' rehabilitation, to punish Mr. Skaggs for his crimes and to deter Mr. Skaggs from future criminal activity.  Another district court may look at the length of Mr. Skaggs' involvement with the criminal justice system, his lack of success with prior drug treatment programs and his current activities with the manufacture of methamphetamine, and conclude that a substantially longer sentence is needed for the protection of the community and for Mr. Skaggs to understand the gravity of his crime and to modify his behavior.  Therefore, we cannot say that the district court's determination to sentence Mr. Skaggs to 188 months' imprisonment  reflects an unreasonable application of the criteria set forth in § 3553(a).  We therefore affirm Mr. Skaggs' sentence.

AFFIRMED

---

[1]    The factors set forth in 18 U.S.C. § 3553(a) are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," "to protect the public from further crimes of the defendant," and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) "the kinds of sentences available"; (4) "the kinds of sentence and the sentencing range" established for the category of offense committed as set forth in the Guidelines; (5) any pertinent policy statement by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (7) "the need to provide restitution to any victims of the offense."