UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted November 3, 2005[1]
Decided December 15, 2005

**Before**

Hon. JOEL M. FLAUM, *Chief Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-2431

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        *Plaintiff-Appellee,*<br><br>    *v.*<br><br>VICTOR H. CONTRERAS,<br>        *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 01-CR-57<br><br>David H. Coar,<br>*Judge.* |

**O R D E R**

In this successive appeal, appellant Victor Contreras claims that the district court's imposition of 235 months' sentence was unreasonable because it failed to place sufficient weight on the fact that Contreras had not been convicted of a prior crime.

---

[1] This successive appeal has been submitted to the panel that decided the original appeal. *See* Operating Procedure 6(b).  After examining the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

We disagree and affirm the sentence imposed by the district court.

The background facts of this case are detailed extensively in our earlier opinion in *United States v. Macedo*, 371 F.3d 957 (7th Cir. 2004), *amended by* 406 F.3d 778 (7th Cir. 2005). Contreras was convicted of conspiring to import, attempting to possess, and possessing large amounts of methamphetamine. On remand for resentencing, the district court sentenced Contreras to 235 months' imprisonment, which is a sentence at the lower end of the United States Sentencing Guidelines' advisory range of 235 to 293 months. A sentence within the properly calculated Sentencing Guidelines range is presumptively reasonable, but an appellant can rebut this presumption by demonstrating that his sentence is unreasonable when measured against the factors set forth in 18 U.S.C. § 3553(a). *See United States v. Mykytiuk*, 415 F.3d 606, 607 (7th Cir. 2005).

Here, Contreras claims that the district court unreasonably rejected his argument that his lack of a prior criminal history entitled him to a sentence below the advisory Sentencing Guidelines range. Specifically, Contreras complains that the district court improperly considered testimony from a police officer who stated that Contreras purchased drugs on two prior occasions in 1992. As an initial matter, Contreras does not contend that the district court could not consider this type of information for sentencing purposes. Nor could he; it is well-settled that a district court judge can consider reliable evidence of prior unconvicted conduct for the purposes of sentencing, and Contreras does not contend that the police officer's testimony was unreliable. *See, e.g., United States v. Carter,* 111 F.3d 509, 514 (7th Cir. 1997).

Instead, Contreras contends that the district court improperly disregarded the "presumption of innocence with regard to crimes which he has not been convicted of" and impermissibly placed a "burden of production and proof" on Contreras to disprove this prior conduct. The sentencing transcript, however, does not support Contreras's contention. Instead, the district court merely noted that there was evidence in the record tending to show that Contreras had engaged in prior criminal acts. Contreras's argument might have more traction here if he could show that the district court took affirmative adverse action based on this disputed evidence, such as imposing a sentence *above* the advisory Sentencing Guidelines range, or perhaps even one higher within the applicable range. But here, there is no indication that the district court relied on the challenged testimony to penalize Contreras.

Contreras's principal argument boils down to the contention that his lack of prior convictions should have been afforded *additional* weight, beyond that which the Guidelines inherently provide under a Criminal History Category of I. Indeed, for Contreras to prevail, he must show that the only reasonable outcome was for the district court not only to disregard entirely the police officer's testimony, but also find Contreras's history compelling enough to require a sentence below the advisory Sentencing Guidelines range. But even if Contreras's past was entirely unblemished by any allegations of prior criminal conduct, he would still face an uphill climb in light

of the presumptive reasonableness that attaches to sentences within the Sentencing Guidelines range. *See Mykytiuk*, 415 F.3d at 607. In any event, under the circumstances here (where there was compelling evidence of prior unconvicted criminal conduct) we cannot conclude that the district court's sentence was unreasonable.

Accordingly, we AFFIRM the judgment of the district court.