UNPUBLISHED ORDER

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

January 10, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 04-1518

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| v. | No. 01-CR-1053 |
| THOMAS L. JOHNSON, *Defendant-Appellant.* | Elaine E. Bucklo, *Judge*. |

**O R D E R**

Thomas Johnson was convicted of bank fraud under 18 U.S.C. § 1344 and sentenced to 78 months of imprisonment. After concluding that the district court judge correctly found that Johnson was an organizer or leader of the criminal activity and therefore properly increased Johnson's offense level pursuant to U.S.S.G. § 3B1.1(a), we ordered a limited remand so that the district court could determine whether Johnson's sentence remained appropriate, now that *United States v. Booker*, 543 U.S. 220 (2005) has relegated the United States Sentencing Guidelines to advisory status. *See United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). The district court judge replied that she would impose the same sentence today knowing that the Guidelines are not mandatory. On October 11, 2005, we invited the parties to file, within seven

days, any arguments concerning the appropriate disposition of this appeal in light of the district court's decision. The government accepted our invitation; Johnson did not. We now conclude that Johnson's sentence was reasonable and affirm the judgment of the district court.

Johnson's 78-month sentence falls in the upper end of the applicable 63 to 78 months sentencing range under the Guidelines. A sentence within the properly calculated Guidelines range is presumptively reasonable. *See United States v. Mykytiuk*, 415 F.3d 606, 607 (7th Cir. 2005). An appellant can rebut this presumption by demonstrating that his sentence is unreasonable when measured against the factors set forth in 18 U.S.C. § 3553(a). *Id.* at 607.

Here, Johnson has made no argument as to why his sentence might be unreasonable, and the facts in this case do not provide an argument for him: for more than a year, Johnson provided hundreds of counterfeit checks that were used in the fraudulent check-cashing scheme. For his supervisory role in the crime, Johnson received 50% of its illegal profits. In light of the presumption of reasonableness that attaches to the district court's sentence, as well as the facts of Johnson's case, we see no reason why his sentence should be deemed "unreasonable."

Accordingly, we AFFIRM the judgment of the district court.