UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

January 30, 2006

**Before**

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 04-1996

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, <br><br> *v.* <br><br> ERIC J. JOHNSON <br> *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. <br><br> No. 3:03 CR 83 <br><br> **Robert L. Miller**, **Jr.**, *Chief Judge*. |

**O R D E R**

Eric Johnson pleaded guilty to possession with intent to distribute more than 50 grams of cocaine base. He raised only one issue on appeal before this court, which was whether his Sixth Amendment rights were violated when he was sentenced to 210 months in prison under the then-mandatory Sentencing Guidelines. We directed a limited remand pursuant to the procedures set forth in *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). The district court has informed us that it would impose the same sentence under the now-advisory Guidelines. In so doing, the district court clearly and thoroughly evaluated all of the factors under 18 U.S.C. § 3553 and determined that Johnson's "stunning criminal record," "the need for the sentence to

reflect the seriousness of the offense and to provide just punishment and to promote respect for the law, [and] the need to protect the public from Mr. Johnson" justify his sentence of 210 months, the bottom of the properly calculated sentencing range.

Sentencing ranges properly calculated under the Guidelines are presumptively reasonable, see *United States v. Mykytiuk*, 415 F.3d 606 (7th Cir.2005). Both Johnson and the government had the opportunity to file memoranda about the reasonableness of Johnson's sentence, in light of the district court's statement. The government took advantage of that invitation, arguing that the sentence is reasonable, particularly in light of Johnson's criminal history and the amount of crack he possessed (87.53 grams). Johnson did not file a response and therefore has not rebutted the presumption of reasonableness. Nor does our independent review suggest that the sentence is unreasonable.

The judgment is therefore AFFIRMED.