UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Argued September 8, 2004
Decided February 22, 2006

Before

Hon.  RICHARD A. POSNER, *Circuit Judge*

Hon.  KENNETH F. RIPPLE, *Circuit Judge*

Hon.  DIANE P. WOOD, *Circuit Judge*


No. 03-3438

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeals from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *Plaintiff-Appellee,* | |
| v. | Nos. 92 CR 42 & 00 C 624 |
| ROBERT A. SOY, | **Rudy Lozano**, *Judge.* |
| *Defendant-Appellant.* | |

No. 04-1218

ROBERT A. SOY,

*Petitioner-Appellant,*

v.

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

# O R D E R

## I

In 1992, a jury convicted Robert Soy on fourteen counts of a twenty-one count indictment related to a series of bombings in northwest Indiana. Specifically, Mr. Soy was convicted on Count 1 of the indictment, which charged Mr. Soy with engaging in a conspiracy to maliciously damage or destroy property by means of an explosive in violation of 18 U.S.C. § 844(I), and Counts 2, 6, 10, 14 and 18 of the indictment, which charged Mr. Soy with substantive violations of 18 U.S.C. § 844(I) corresponding to the bombs detonated. Count 2 charged Mr. Soy and his co-conspirators with "maliciously damag[ing] and destroy[ing] . . . by means of an explosive . . . a building or other real and personal property, . . . which resulted in the death of Emily Antkowicz." R.1 at 7.

Mr. Soy has challenged his convictions and sentence through several appeals and through one motion pursuant to 18 U.S.C. § 2255. *See United States v. Prevatte*, 16 F.3d 767 (7th Cir. 1994); *United States v. Prevatte*, 66 F.3d 840 (7th Cir. 1995); *United States v. Soy*, 413 F.3d 594 (7th Cir. 2005). Mr. Soy's most recent appeal to this court followed the district court's partial grant of Mr. Soy's § 2255 motion, which resulted in its vacating Mr. Soy's conviction on Count II of the indictment for lack of a sufficient interstate commerce nexus, *see Jones v. United States*, 529 U.S. 848 (2000); the district court determined, however, that the remaining counts were supported by an adequate interstate commerce connection, and, therefore, left those counts undisturbed. The district court, after unbundling the initial sentencing package, reimposed a sentence of 528 months' imprisonment. This court affirmed the district court's judgment with respect to the substantive counts and the sentencing. In addition to addressing the arguments raised by Mr. Soy in his brief, our opinion also addressed the possible effect of *United States v. Booker*, 125 S. Ct. 738 (2005), on Mr. Soy's sentence:

> We believe that Booker's application to Mr. Soy's sentence is tangential at best. Although it is true that the death of Emily Antkowicz affected the district court's sentence--in that, to effect the total punishment, the district court ran the remaining counts consecutively--the death of Emily Antkowicz was not a fact found solely by the district court. A jury convicted Mr. Soy of using an explosive that caused the death of Emily Antkowicz; the vacation of that conviction on interstate commerce grounds did not undermine the jury's determination that Mr. Soy's actions in setting off the bomb at 1425 Stanton caused Emily Antkowicz's death. Thus, because there was a jury finding that Mr. Soy's actions resulted in the death of Emily Antkowicz, the district court's

reliance on this fact in sentencing Mr. Soy did not offend the Sixth Amendment.

> However, we have determined that, even in the absence of a Sixth Amendment violation, the "mere mandatory application of the Guidelines--the district court's belief that it was required to impose a Guidelines sentence--constitutes error." *United States v. White*, 406 F.3d 827, 835 (7th Cir. 2005). Again, however, we believe that, under these circumstances, the Guidelines had little or no limiting effect on the district court when it resentenced Mr. Soy. . . .
> . . .
> Given this history, we have little confidence that, freed from the mandates of the Guidelines, the district court would impose a lesser sentence on Mr. Soy. Nevertheless, consistent with our holding in *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), and in *White*, we shall allow the district court to make this determination.

*United States v. Soy*, 413 F.3d 594, 615-16 (7th Cir. 2005). We therefore remanded to the district court for a determination of whether the district court would have imposed a different sentence on Mr. Soy had the court not been bound to sentence Mr. Soy within the applicable guideline range.

Pursuant to our remand order, the district court requested statements from the parties concerning the propriety of the sentence. After receiving the parties' submissions, the district court reviewed both the facts of the case and this court's case law on resentencing post-*Booker*. The district court then stated:

> [T]he Court, being quite familiar with this case, does not believe that any factor listed in section 3553(a), either individually or in the aggregate, would warrant a different sentence. To start, the offense committed by Soy was a serious crime. Both Soy's planning as well as his overt acts failed to show any concern for the safety or health of the public in general. Indeed, placing an active bomb at or near the proximity of where people live constitutes extremely reckless behavior. The death of Emily Antkowicz that resulted from the bombing at 1425 Stanton was a foreseeable consequence. . . . [U]p to and through the time of sentencing, Soy showed no remorse for Ms. Antkowicz' death. In sum, Soy's sentence reflects the seriousness of his offense and protects the public from future danger. . . . Given the seriousness of the crime committed by Soy and the important goals of rehabilitating Soy and deterring others from committing future similar crimes, this Court believes that its imposed 528 month term of imprisonment under the Guidelines is both reasonable and fair. Even if this

Court knew that the Guidelines were merely advisory, it would have delivered the same sentence to Soy.

District Court's Order of October 11, 2005, at 7-8.

## II

*Booker* instructs us to review the district court's sentencing determination for reasonableness. *Booker*, 125 S. Ct. at 767. However, *Booker* also anticipates that, in arriving at a sentence, district courts will continue to look to the Guidelines in reaching appropriate sentences. *See id.* We have recognized that "[t]he Guidelines remain an essential tool in creating a fair and uniform sentencing regime across the country." *United States v. Mykytuik*, 415 F.3d 606, 608 (7th Cir. 2005). Thus, "any sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." *Id.* Under this deferential standard, a defendant "can rebut this presumption only by demonstrating that his or her sentence is unreasonable when measured against the factors set forth in [28 U.S.C.] § 3553(a)." *Id.*

In the present case, Mr. Soy does not claim that the district court's calculation of his sentence under the Guidelines is incorrect. Furthermore, Mr. Soy has not argued that, considering the factors set forth in § 3553(a), his sentence is unreasonable. Instead, Mr. Soy maintains that this court erred in affirming the district court in *Soy* and urges us to reevaluate that decision on several grounds. Should Mr. Soy wish to petition this court for rehearing, the proper time for that action is after issuance of a final judgment in this court. Because we retained jurisdiction during the pendency of the *Paladino* remand, that occasion has not yet arisen.

## Conclusion

The district court's sentence of 528 months for Mr. Soy was properly calculated under the Guidelines. Mr. Soy has not pointed to any factors set forth in 18 U.S.C. § 3553(a) that call into question the propriety of the district court's sentence. Mr. Soy's other arguments are premature. For these reasons, we affirm the judgment of the district court.

AFFIRMED