**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

March 3, 2006

Before

Hon. WILLIAM J. BAUER, Circuit Judge

Hon. RICHARD A. POSNER, Circuit Judge

Hon. ILANA DIAMOND ROVNER, Circuit Judge

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff-Appellee,<br><br>No. 04-2206                    v.<br><br>BRYCE A. FREEMAN,<br>        Defendant-Appellant. | ] Appeal from the United<br>] States District Court for<br>] the Eastern District of<br>] Wisconsin.<br>]<br>] No. 03 CR 128<br>]<br>] Charles N. Clevert, Jr.,<br>]        Judge. |

Bryce Freeman was found guilty of one count of conspiracy to manufacture and distribute 50 grams or more of methamphetamine and two counts of possession with intent to distribute 5 grams or more of methamphetamine. The district court calculated a sentencing range of 210 to 262 months and sentenced Freeman to 210 months' imprisonment. In his opening appellate brief, Freeman argued that his sentence ran afoul of the Sixth Amendment because it exceeded the maximum sentence the district court could have imposed solely on the basis of the facts found by the jury and that his case should be remanded to the district court for consideration of whether resentencing would be appropriate following *United States v. Booker*, 543 U.S. 220 (2005). Based on Freeman's brief and the government's motion, we ordered a limited remand under the terms set forth in *United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005), for a determination whether the district court would have imposed the same sentence had it understood that the guidelines were advisory.

The district court has now replied that it would today impose the same sentence, knowing of the Guidelines' advisory status. The parties were offered the opportunity to respond before we finally resolved the appeal, and both parties have responded.

Freeman argues that the district court's findings do not suffice to establish the reasonableness of his sentence in light of 18 U.S.C. § 3553(a), that the district court erred in its determination at sentencing that the actual weight of methamphetamine attributable to him was greater than 150 grams, and that the district court erred in denying his motion for downward departure based on his argument that his criminal history category significantly over-represented the seriousness of his criminal history. Finally, Freeman requests further briefing to raise these issues. Although he already filed an opening brief, Freeman contends that he argued only that he was entitled to a limited remand pursuant to *Paladino* because he believed that such a remand was a procedural prerequisite for challenging the reasonableness and correctness of his sentence.

Despite Freeman's protests that he did not know that he needed to fully brief all of his sentencing issues in his opening brief, the rule that arguments not raised in opening brief are waived is well-established. *See, e.g., United States v. Blaylock*, 413 F.3d 616, 619 (7th Cir. 2005); *United States v. Harris*, 394 F.3d 543, 559 (7th Cir. 2005). Freeman's sentence is within the properly calculated guideline range and therefore presumptively reasonable. *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Freeman does not offer any evidence based on the factors recognized by § 3553(a) that would tend to rebut that presumption. Had the district court thought that Freeman deserved a lower sentence based on the weight of the methamphetamine or his criminal history, it was free to inform this court that it was inclined to resentence. It did not. The district court's findings show that it properly considered the § 3553(a) factors. The court explained that it took into account Freeman's criminal history, detailing that history, and that it considered and rejected his objections regarding the weight of the drugs. The court concluded that "Freeman's sentence is not out of line in view of the seriousness of his offense, the need to deter others, and the need to protect the public from drug crimes and drug dealers."

Because the district court would have imposed the same sentence post-*Booker*, and because that sentence is reasonable, we conclude that Freeman's sentence was not the result of plain error. Accordingly, we AFFIRM the judgment of the district court.