**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

March 20, 2006

Before

Hon. WILLIAM J. BAUER, Circuit Judge

Hon. RICHARD A. POSNER, Circuit Judge

Hon. DIANE P. WOOD, Circuit Judge

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      Plaintiff-Appellee,<br><br>No. 05-1374                    v.<br><br>TIMOTHY L. THOMPSON,<br>      Defendant-Appellant. | ] Appeal from the United<br>] States District Court for<br>] the Northern District of<br>] Illinois, Eastern Division.<br>]<br>] No. 02 CR 196<br>]<br>] Ronald A. Guzman,<br>]      Judge. |

Timothy Thompson was found guilty of bank robbery, and the district court sentenced him to 100 months' imprisonment, the bottom of the calculated sentencing range. On appeal, Thompson filed a motion for a limited remand for consideration of whether resentencing would be appropriate following *United States v. Booker*, 543 U.S. 220 (2005). We granted the motion and ordered a limited remand under the terms set forth in *United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005), for a determination whether the district court would have imposed the same sentence had it understood that the guidelines were advisory.

The district court has now replied that it would today impose the same sentence, knowing of the Guidelines' advisory status. The parties were offered the opportunity to respond before we finally resolved the appeal, and both parties have responded. Counsel for Timothy Thompson responds that "it appears there are no nonfrivolous sentencing issues left to be decided," but he nonetheless asks that a briefing schedule be set, indicating that he likely would file an *Anders* brief and that Thompson should be afforded the chance to reply.

In the first motion for a limited remand counsel filed, it appeared that counsel might be operating under the mistaken assumption that he could brief additional issues following resolution of the limited remand. The court therefore denied counsel's first remand motion without prejudice to renewal and informed counsel that if he intended to raise any issue other than a *Booker* issue, then a remand would be premature. Counsel renewed the motion, asserting that the only issue he planned on raising was a *Booker* issue, and the court granted a limited remand based on that representation of the appellate issues. Although counsel subsequently indicated to the court that Thompson might want to raise other issues, appellate counsel need not raise all possible claims. *Smith v. Robbins*, 528 U.S. 259, 288 (2000); *Jones v. Barnes*, 463 U.S. 745 (1983); *Page v. United States*, 884 F.2d 300, 302 (7th Cir. 1989) ("One of the principal functions of appellate counsel is winnowing the potential claims so that the court may focus on those with the best prospects."). Had counsel filed an opening brief raising only a *Booker* issue rather than a remand motion, Thompson would have had no right to respond or supplement the brief. *See Hayes v. Hawes*, 921 F.2d 100, 102 (7th Cir. 2000) (There is no Sixth Amendment right to file a pro se brief when represented by counsel.). Similarly, he does not have a right to respond under the *Paladino* remand procedure established by the court, and further briefing in the appeal is not warranted.

Thompson's sentence is within the properly calculated guideline range and therefore presumptively reasonable. *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Thompson does not offer any evidence based on the factors recognized by 18 U.S.C. § 3553(a) that would tend to rebut that presumption. Because the district court would have imposed the same sentence post-*Booker*, and because that sentence is reasonable, we conclude that Thompson's sentence was not the result of plain error. Accordingly, we AFFIRM the judgment of the district court.