UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

September 19, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 03-1777

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *Plaintiff-Appellee,* |  |
| *v.* | No. 00 CR 39-11 |
| RAUL PEREZ, | James B. Zagel, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Raul Perez appealed his sentence of two concurrent terms of 360 months' imprisonment for possession with intent to distribute and conspiracy to possess with intent to distribute marijuana, contending that the district court plainly erred under *United States v. Booker*, 543 U.S. 220 (2005). We ordered a limited remand and directed the district court to determine whether it would have imposed the same sentence under an advisory regime. *See United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005). The district court replied that it would.

In *Paladino*, we held that if a district court responds to a limited remand with a statement that it would reimpose the same sentence, "we will affirm the original sentence against a plain-error challenge provided that the sentence is reasonable." 401 F.3d at 484 (7th Cir. 2005). We have also explained that "any sentence that is

properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness."*United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).

After remand, faced with the trial judge's statement that he would impose the same sentence under advisory guidelines, the appellant merely pointed out that, at the original sentencing, the judge had said that "had he known that the Guidelines were advisory when he sentenced Perez, he would have imposed a lesser sentence." Perez's Statement Regarding Further Proceedings at 1. The government urges this court affirm the sentence because it is reasonable.

A jury convicted Raul Perez of one count of conspiracy to possess with the intent to distribute narcotics in violation of 21 U.S.C.§ 846 and of possession of narcotics with intent to distribute it in violation of 21 U.S.C. § 841(a)(1). Neither party disputes the accuracy of the advisory guideline range which was calculated at 360 months to life. The trial judge imposed a sentence at the very bottom of that range (360 months).The defendant has not established  plain error or that the 360-month sentence is unreasonable under 18 U.S.C. § 3553(A). We AFFIRM the judgment of the district court.