UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

December 21, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 03-4322

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*,<br><br>v.<br><br>RONALD BERNARD JOHNSON,<br>*Defendant-Appellant*. | Appeal from the United States District Court for the Eastern District of Wisconsin<br><br>No. 02-CR-237<br><br>**J.P. Stadtmueller**, *Judge*. |

**O R D E R**

This case has returned to us after a limited remand that we ordered pursuant to *United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005). Ronald Johnson was convicted after a jury trial of one count of possession of a firearm by a felon, see 18 U.S.C. § 922(g)(1), for which he was sentenced to serve 225 months in prison. The sentence was imposed prior to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), when the federal sentencing guidelines were understood to be mandatory. After affirming Johnson's conviction, see *United States v. Johnson*, 415 F.3d 728 (7th Cir. 2005), we remanded to give the district court the opportunity to consider whether it would have imposed the same sentence if it had known the

guidelines were advisory. The district court has informed us that it would indeed have imposed the same sentence had it not been bound by the guidelines. We invited both parties to file any argument they might have regarding the appropriate disposition of this appeal in light of the district court's decision. Neither party chose to do so. We must now determine whether the sentence is reasonable.

Johnson's 225-month sentence fell within the applicable guidelines range of 210 to 262 months. We have held that a sentence within a properly calculated guidelines range is presumptively reasonable. See *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). In imposing the sentence, the district court discussed Johnson's "very lengthy record and the fact that [he has] not learned from [his] prior experiences," considerations plainly relevant to the history and characteristics of the defendant, which are listed factors under 18 U.S.C. § 3553(a). The district court noted that it would consider the same factors in imposing the same sentence under an advisory guideline regime, and Johnson has not come forward with any argument that rebuts the presumption of reasonableness we accord his sentence. We are aware that the Supreme Court has granted *certiorari* in *Rita v. United States,* 127 S.Ct. 551 (2006) (No. 06-5754), in order to decide whether a presumption of reasonableness is consistent with its *Booker* decision. In Johnson's case, however, the district court's careful survey of the § 3553(a) factors and our own review of the record satisfy us that the ultimate sentence was reasonable, even without the benefit of any such presumption. Accordingly, we **AFFIRM** the judgment of the district court.