NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

February 27, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 04-4240

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee*,

    *v.*

JAMES A. DRAKE,
    *Defendant-Appellant*.

Appeal from the United States District
Court for the Northern District of
Indiana, Fort Wayne Division.

No. 03 CR 83

Theresa L. Springmann,
*Judge*.

## O R D E R

We remanded this case under *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), in order to ask the district judge whether she would have imposed a different sentence on James Drake had she known at the time of sentencing that the federal sentencing guidelines are not mandatory. *See United States v. Booker*, 543 U.S. 220 (2005). The district judge has advised us that she would not have deviated from the 103-month sentence she imposed. We invited both parties to comment on the reasonableness of the sentence in light of the district court's conclusion. Having reviewed their responses, we now affirm.

Drake was convicted after a jury trial of possessing a firearm as a felon, 18 U.S.C. § 922(g)(1). The district court imposed a sentence of 103 months, a term of

imprisonment within the applicable guidelines range of 92 to 115 months. Drake did not challenge the calculation of that range, so we accept it as properly calculated and therefore presumptively reasonable. *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Drake may rebut the presumption by establishing that the sentencing is unreasonable when measured against the factors set forth in 18 U.S.C. § 3553(a). *See id.* However, in his submission to this court Drake does not argue that the 103-month sentence is unreasonable; instead, he challenges the procedure we established in *Paladino* and argues that the limited remand violated his due process rights because he was not given a hearing.

We decline Drake's invitation to reconsider our decision in *Paladino*. *See, e.g., United States v. Brock*, 433 F.3d 931, 938-39 (7th Cir. 2006). We also note that, in his original appellate brief, Drake specifically requested a limited remand, not the full resentencing he now appears to seek. We also reject Drake's argument that the district court was required to hold a hearing as part of the limited remand; we have held that written submissions from the parties are adequate to apprise the district court of the "sentencing factors that the parties believed were potentially most relevant to how the court might exercise" its discretion under the advisory guidelines system. *See United States v. Della Rose*, 435 F.3d 735, 736 (7th Cir. 2006).

Here, the district court rejected Drake's position that a lower sentence was required because, he said, his criminal history was overstated and his crime did not involve any actual violence or physical injury. The district court concluded that it would have imposed the same sentence in light of Drake's criminal history and the absence of any mitigating aspects of Drake's "offense or his personal history" under § 3553(a). To the extent that Drake incorporates in his submission to this court the arguments he made to the district court, we conclude that those considerations do not undermine the reasonableness of the sentence imposed. Accordingly, we AFFIRM the judgment of the district court.