UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 16, 2004
Decided December 14, 2005

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 03-2647

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| v. | |
| | No. 03 CR 4 |
| TERRY L. MORTIER, *Defendant-Appellant*. | John C. Shabaz, *Judge*. |

**O R D E R**

Terry Mortier entered into a plea agreement with the Government, according to which Mr. Mortier agreed to plead guilty to one count of possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). As part of his plea agreement, Mr. Mortier reserved the right to appeal the denial of his motion to suppress evidence.

At sentencing, the district court made findings of fact with respect to Mr. Mortier's probation status and with respect to the amount of methamphetamine and cocaine that Mr. Mortier had distributed, which constituted relevant conduct to the offense to which Mr. Mortier had pleaded guilty. The district court sentenced Mr. Mortier to 135 months' imprisonment--a sentence within the guideline range for Mr. Mortier's offense level (including relevant conduct) and criminal history category.

Mr. Mortier was unsuccessful in his appeal, and petitioned for certiorari. The Supreme Court vacated the judgment in light of *United States v. Booker*, 125 S. Ct. 738 (2005) (holding that the mandatory nature of the United States Sentencing Guidelines impermissibly resulted in violations of the Sixth Amendment right to a jury trial and rendering the guidelines advisory). We, in turn, remanded the case to the district court pursuant to our decision in *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), for the district court to advise us whether, if the court had understood the Guidelines to be advisory as opposed to mandatory, the sentence imposed on Mr. Mortier would have been different.

Pursuant to our remand order, the district court, after considering the views of the parties, indicated that, had the Guidelines been advisory, it would have sentenced Mr. Mortier to the same 135-month sentence. In its *Paladino* statement, the district court indicated that it considered the large quantity of methamphetamine and cocaine to be a factor in sentencing Mr. Mortier. As well, the court was influenced by the fact that Mr. Mortier was on probation for another felony drug offense when he committed the crime for which he was being sentenced. The court believed that a sentence at the high end of the guideline range was necessary and appropriate to hold Mr. Mortier accountable for his actions and also to protect the community from any further criminal behavior by Mr. Mortier. The court also rejected Mr. Mortier's argument that he should be shown leniency because he initially had used the narcotics to control his pain resulting from cancer and had become addicted; the district court determined these mitigating factors are counterbalanced by the need both to hold Mr. Mortier accountable for his actions, which included distributing large amounts of methamphetamine, and to deter further criminal behavior.

After receiving the district court's *Paladino* statement, we invited additional comment from the parties. The Government availed itself of this opportunity; Mr. Mortier, however, has made no further submissions to this court.

*Booker* instructs us to review the district court's sentencing determination for reasonableness. *Booker*, 125 S. Ct. at 767. However, *Booker* also anticipates that, in arriving at a sentence, district courts will continue to look to the Guidelines in reaching appropriate sentences. *See id.* We have recognized that "[t]he Guidelines remain an essential tool in creating a fair and uniform sentencing regime across the country." *United States v. Mykytuik*, 415 F.3d 606, 608 (7th Cir. 2005). Thus, "any sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." Under this deferential standard, a defendant "can rebut this presumption only by demonstrating that his or her sentence is unreasonable when measured against the factors set forth in [28 U.S.C.] § 3553(a)." *Id.* Theoretically, a sentence within the applicable guideline range can be unreasonable, but we have recognized that "it will be a rare" occurrence. *Id.*

In the present case, Mr. Mortier does not contest the calculation of his sentence

under the Guidelines, nor does he claim that his sentence is unreasonable in light of the considerations set forth in § 3553.  The presumption of reasonableness, therefore, has not been rebutted, and we affirm the 135-month sentence imposed by the district court.

AFFIRMED