**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued December 1, 2005
Decided December 19, 2005

**Before**

Hon. JOEL M. FLAUM, *Chief Judge*

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Nos. 05-1147 & 05-1150

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee*, | District Court for the |
| | Western District of Wisconsin |
| *v.* | |
| | No. 04 CR 109 |
| RICHARD G. SADDLER and | |
| ANGELINE M. BILLYBOY, | John C. Shabaz, |
| *Defendants-Appellants*. | *Judge*. |

**O R D E R**

Pursuant to written plea agreements, Richard G. Saddler and Angeline M. Billyboy entered guilty pleas to a charge of conspiring to distribute 50 grams or more of cocaine base as set out in count 1 of  the 6-count indictment against them.  They were sentenced less than a week before the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), which rendered the United States Sentencing Guidelines advisory, rather than mandatory.  With an eye to the uncertainty which existed because of the impending Booker decision, the judge imposed on Saddler a sentence of 170 months in prison, using the guidelines as advisory and considering the factors in 18 U.S.C. § 3553(a); he then imposed an alternate sentence of 170 months using the guidelines as mandatory.  Billyboy was also sentenced to alternative sentences, both of 125 months in prison.  The defendants appeal their sentences.

Billyboy's only contention is that Booker invalidated her sentence because the district court made use of the guidelines as mandatory.  At oral argument, however, she conceded that in

light of our cases upholding alternative sentences, she cannot prevail.  See, e.g., United States v. Bryant, 420 F.3d 652 (7th Cir. 2005).  Accordingly, her sentence will be affirmed.

Saddler contends that the judge erred in the calculation of his guideline sentence when, pursuant to U.S.S.G. §4A1.2(d)(2)(A), he increased Saddler's criminal history by 2 points based on a prior juvenile adjudication.  Saddler argues that for that section to apply, there must be offense conduct, supported by specific evidence, occurring within 5 years of his release from juvenile custody.  But here, the first instance of specific conduct alleged in the indictment occurred on November 5, 2003, about a week too late, in Saddler's view.  We agree with the district court's contrary conclusion, however, that the relevant offense conduct began prior to October 29, 2003.

Under Booker, while the guidelines no longer dictate mandatory sentences, district judges must consult the guidelines and take them into account when imposing sentencing.  Our review of sentences imposed under the now-advisory guidelines is for reasonableness.  We have held that "any sentence that is properly calculated under the Guidelines is entitled to a rebuttable resumption of reasonableness."  United States v. Mykytiuk, 415 F.3d 606, 608 (7th Cir. 2005).  This is where Saddler's argument arises:  if his sentence was not properly calculated, it is not entitled to a presumption of reasonableness.

Section 4A1.2(d)(2)(A) provides:

> [A]dd 2 points under §4A1.1(b) for each adult or juvenile sentence
> to confinement of at least sixty days if the defendant was released
> from such confinement within five years of his commencement of
> the instant offense[.]

To determine when an offense commences, the court is allowed to consider relevant conduct.  Relevant conduct includes all acts committed by the defendant and "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity"; i.e., the conspiracy in this case.  U.S.S.G. §1B1.3(a)(1)(B).

In count 1, the indictment alleges a conspiracy running from "in or about October 2003" to July 2004.  Saddler pled guilty to this count.  He was released from juvenile confinement on October 29, 1998, which is within 5 years of the alleged inception of the conspiracy.  That may be all that needs to be said.

In addition, however, while it is true that the first substantive count alleges conduct occurring on or about November 5, 2003, there is nothing indicating that this is, in fact, the first instance of relevant conduct.  That count involves Saddler's sale of cocaine base to a person cooperating with the government.  One can infer that the person would have had a relationship with Saddler prior to that time in order to set up the buy.  In addition, information in the presentence report comes from persons who tell of purchases from Saddler prior to October

2003. This conduct predates the charged conspiracy. It can, nevertheless, be considered relevant conduct under U.S.S.G. §4A1.2(d)(2)(A). Accordingly, the judgments of the district court as to both defendants are AFFIRMED.