**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

December 21, 2005

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 02-3084

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　*Plaintiff-Appellee,*<br><br>　　v.<br><br>DAVID J. YEAZEL,<br>　　　　　　*Defendant-Appellant.* | Appeal from the United States<br>District Court for the<br>Western District of Wisconsin.<br><br>No. 02 CR 9<br><br>John C. Shabaz,<br>*Judge.* |

**O R D E R**

This court ordered a limited remand in this matter so the district court could state whether the sentence remains appropriate now that *United States v. Booker*, 125 S. Ct. 738 (2005), has limited the Guidelines to advisory status. *See United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). The district judge has now replied that he would today impose the same sentence, knowing of the Guidelines' advisory status.

Yeazel filed a response in this court, arguing that his sentence of 146 months is unreasonable. Yeazel's sentence was at the high end of the Guidelines range of 121-151 months. A sentence that falls within a properly calculated Guidelines range is entitled to a rebuttable presumption of reasonableness; a defendant can rebut the presumption "only by demonstrating that his or her sentence is unreasonable when measured against the factors set forth in [18 U.S.C.] Section 3553(a)." *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).

Page 2

Yeazel has not rebutted the presumption.  The district judge provided an adequate explanation for the 146-month sentence, noting appropriate factors under § 3553(a).  He considered Yeazel's argument that his personal characteristics—specifically his education, family support, and bouts of depression—warranted a more lenient sentence.  The court found these factors to be outweighed by the scope and seriousness of Yeazel's fraud.  Yeazel also reargues the propriety of applying the enhancement for violation of an administrative order under USSG § 2B1.1(b)(8)(c).  We previously held this issue was waived and will not readdress it here.

We see no reason why Yeazel's sentence would be deemed "unreasonable" in post-*Booker* practice.  The judgment of the district court is AFFIRMED.