**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

January 23, 2006

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 03-4261

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>        *Plaintiff-Appellee*, <br><br>     *v.* <br><br> JESUS MENDIOLA, <br>       *Defendant-Appellant*. | Appeal from the United States <br>   District Court for the <br>   Southern District of Indiana, <br>   Indianapolis Division. <br><br> No. 03 CR 56 <br><br> **Larry J. McKinney**, *Chief Judge*. |

**O R D E R**

Jesus Mendiola challenged his 270-month sentence for conspiracy to possess with the intent to distribute five kilograms or more of cocaine, arguing that in light of *United States v. Booker*, 125 S.Ct. 738 (2005), the district court committed plain error by applying the Sentencing Guidelines as if they were mandatory. On May 12, 2005, we ordered a limited remand pursuant to *United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005), to allow the district court an opportunity to consider whether it would impose the same sentence with the knowledge that the Guidelines are not mandatory.

The district court responded that it would have imposed the same sentence had the Guidelines been advisory at the time of Mendiola's sentencing. We invited both parties to file statements concerning the appropriate disposition of this appeal in light of the district court's decision; only the government responded. The government argues that Mendiola's sentence is reasonable.

Mendiola's sentence is near the low end of the applicable Guidelines range. We have held that a sentence within the properly calculated Guidelines range is presumptively reasonable. See *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Because the district court would have imposed the same sentence post-*Booker*, and because Mendiola has offered nothing to rebut the presumption of reasonableness that attaches to his accurately calculated sentence, we conclude that Mendiola's sentence was not the result of plain error. Accordingly, we **AFFIRM** the judgment of the district court.