**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

January 30, 2006

**Before**

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 03-1549

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  *Plaintiff-Appellee,*<br><br>  *v.*<br><br>TRENISE BLAYLOCK,<br>  *Defendant-Appellant.* | Appeal from the United States District Court for the Eastern District of Wisconsin<br><br>No. 02-CR-147<br><br>Charles N. Clevert, Jr.,<br>*Judge.* |

## O R D E R

Trenise Blaylock was sentenced for armed bank robbery, 18 U.S.C. § 2113(a), (d); conspiracy, *id.* §§ 371, 2113(a), (d); and carrying and using a gun during the robbery, *id.* § 924(c). Sentencing her under the formerly mandatory sentencing guidelines, the court calculated an offense level of 25 but departed downward (as it was called under the old regime) the equivalent of three levels for substantial assistance, *see* U.S.S.G. § 5K1.1. Guided by an effective offense level of 22 and Blaylock's Category I criminal history, the court imposed concurrent sentences of 41 months' imprisonment on the bank robbery and conspiracy counts—well below the actual range of 57 to 71 months. The court also imposed a mandatory consecutive sentence of 120 months' imprisonment for the § 924(c)

conviction because the gun was fired. *See* 18 U.S.C. § 924(c)(1)(A)(iii). Additionally, the court imposed concurrent terms of supervised release: five years each for the robbery and firearm counts and three for conspiracy.

Blaylock appealed, arguing that the court plainly erred by sentencing her under the mandatory guidelines. *See United States v. Booker*, 543 U.S. 220 (2005); *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). Consequently, we ordered a limited remand to ask whether the district court would have imposed the same sentence under an advisory regime, *see Paladino*, 401 F.3d at 484. The court answered that it would, and so we will affirm if reasonable, *see id.* For her part, Blaylock has offered no reason to rebut the presumption of reasonableness attached to this correctly calculated sentence, *see United States v. Mykytiuk*, 415 F.3d 606 (7th Cir. 2005). In any event, we cannot call her sentence, which is below the applicable guidelines range, unreasonably long, *see United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005).

Nevertheless, there is one last matter. The district court conscientiously alerted us to an error in its restitution order. The court ordered Blaylock to pay restitution of $19,008.53 as a condition of her supervised release but, as all parties agree, the correct amount is $4,542.80. We AFFIRM the sentence but REMAND WITH INSTRUCTIONS to correct the amount of restitution.