**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued March 1, 2006
Decided May 9, 2006

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-3373

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois |
| *v.* | No. 3:05CR30005-001 DRH |
| ANTWANE R. THURMAN, *Defendant-Appellant.* | David R. Herndon, *Judge.* |

### O R D E R

Antwane Thurman pleaded guilty to two counts of distributing powder cocaine, one count of possessing crack with intent to distribute, and one count of possessing powder cocaine with intent to distribute, all violations of 21 U.S.C. § 841(a)(1). Thurman was sentenced to a total of 96 months' imprisonment and five years' supervised release after the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005). On appeal, he argues that his prison sentence is unreasonable because the district court imposed it based upon an unsupported premise that he dealt drugs for profit, rather than to feed his own addiction. Because the district court's finding is supported by Thurman's own admission, we affirm.

In the presentence report ("PSR"), the probation officer recommended that Thurman be held responsible for possessing more than 120 grams of powder cocaine, 92 grams of crack, and 35 grams of marihuana. The PSR calculation included crack Thurman sold to an informant, as well as powder cocaine and marihuana seized during execution of a search warrant in June 2003. Thurman continued selling drugs after this time; thus the probation officer's calculation also included crack and powder cocaine seized during execution of another search warrant in March 2004. The PSR calculation did not include at least half a kilogram of powder cocaine that an informant purchased from Thurman and approximately 25 ounces of cocaine purchased by a confidential source. Thurman did not object to the probation officer's drug-quantity calculation, but he filed a sentencing memorandum that is not a part of the record, apparently requesting some of the leniency he believes he would have been shown had he cooperated with the government and testified against higher-level dealers. He did not proffer though, allegedly for fear of retaliation had he become a government informant. Thurman requested a sentence below the guideline range, at the 5-year statutory minimum for the amount of drugs for which he was responsible. The district judge rejected this request.

The probation officer noted that Thurman stated he had "never used any illegal drugs nor participated in any treatment for substance abuse." Based on this representation the district court concluded that Thurman was a "businessman" and sold drugs solely for profit, as opposed to a "junkie that sells drugs because they are desperate to get their own fix." The court reasoned that selling drugs merely for profit is "more serious and more reprehensible than the person that sells drugs just because that's the way they get their own drugs to satisfy their own addiction," because the junkie has less of a choice not to sell drugs. The district judge then sentenced Thurman near the middle of the advisory imprisonment range, citing the seriousness of his offense, the need for deterrence and public safety, the possibility of vocational training, and the need to avoid sentencing disparity.

On appeal, Thurman acknowledges that his sentence is within a properly calculated guideline range and is therefore presumptively reasonable. *See United States v. Paulus*, 419 F.3d 693, 700 (7th Cir. 2005); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Thurman nevertheless argues his sentence is unreasonable because the district court concluded, without adequate evidence, that he was a businessman and therefore was more culpable than the drug user who sells drugs to support a drug habit. Thurman relies on a statistical assumption that, because there were several possible motives for him to sell drugs including coercion or delusion, the district court could not have accurately assumed he was motivated by profit before eliminating all other possible explanations for his criminal conduct. He further asserts that the district court should have presumed

that coercion and delusion were as likely a motive as profit or addiction, making it improbable that profit was his motive.

Thurman has failed to rebut the presumption that his sentence was reasonable. *See Mykytiuk*, 415 F.3d at 608. The reasonableness of a sentence turns on the sentencing judge's consideration of the factors set forth in 18 U.S.C. § 3553(a), s*ee Booker*, 125 U.S. at 261; *United States v. Castro-Juarez*, 425 F.3d 430, 433 (7th Cir. 2005), and Thurman does not challenge the district court's analysis of these factors. Further, the district court's assessment of Thurman's motive may be considered under § 3553(a). The district court concluded that because Thurman was not selling drugs to support his own addiction, but instead as an illegal business, his crime was more offensive in nature, *see* 18 U.S.C. § 3553(a)(1). Given the district court's analysis of the statutory sentencing factors, we cannot find Thurman's sentence unreasonable.

AFFIRMED.