UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

June 8, 2006

**Before**

Hon. JOEL M. FLAUM, *Chief Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 03-1238

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

        *v.*

DANIEL SANDOVAL-VASQUEZ,
                *Defendant-*
*Appellant.*

Appeal from the United States District
Court for the Northern District of
Illinois, Eastern Division.

No. 02 CR 347

James F. Holderman,
*Judge.*

**O R D E R**

Daniel Sandoval-Vasquez pled guilty to possession of cocaine with the intent to distribute, reserving the right to appeal the denial of his motion to suppress. The district court sentenced Sandoval-Vasquez to 235 months' imprisonment, and Sandoval-Vasquez appealed. We affirmed the district court's denial of the motion to suppress and its calculations under the United States Sentencing Guidelines. *United States v. Sandoval-Vasquez*, 435 F.3d 739 (7th Cir. 2006). We ordered a limited remand, however, so that the district court judge could determine whether he believed Sandoval-Vasquez's sentence remained appropriate now that *United States v. Booker*, 543 U.S. 220 (2005), has relegated the United States Sentencing Guidelines to advisory status. *See United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005).

The district court judge has replied that he would impose the same sentence knowing that the Guidelines are not mandatory. We invited both parties to file any statements concerning the appropriate disposition of the appeal in light of the district court's decision by May 8, 2006. Only the government has done so.

Because the district court judge informed us that he would impose the same sentence knowing the Guidelines are advisory, "we will affirm the original sentence against [the] plain error challenge provided the sentence is reasonable, the standard of review prescribed by *Booker*." *Paladino*, 401 F.3d at 484 (citing *Booker*, 543 U.S. at 261). Here, the district court determined Sandoval-Vasquez's base offense level to be 34 based on the quantity of cocaine involved, 29.87 kilograms. The district court then added a two-level increase for obstruction of justice and another two-level increase for the presence of a dangerous weapon. Over the government's objection, it also reduced Sandoval-Vasquez's offense level by two levels based on his status as a deportable alien. The resulting offense level of 36, combined with Sandoval-Vasquez's criminal history category of III, corresponded to a Guidelines range of 235 to 293 months. The district court sentenced Sandoval-Vasquez to 235 months' imprisonment.

Sandoval-Vasquez received a sentence within the properly calculated guidelines range. As a result, his sentence is presumptively reasonable. *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). In a written response to our limited remand, the district court stated that it considered the parties' memoranda, the Presentence Investigation Report, the record of the proceedings at the original sentencing hearing, and the factors listed in 18 U.S.C. § 3553(a). The district court then gave a thorough explanation for its conclusion that a sentence of 235 months' imprisonment was appropriate. The district court reasoned that the large quantity of cocaine involved, the defendant's criminal history, and, unlike his co-defendant, the defendant's obstruction of justice, warranted the 235-month sentence that the district court acknowledged was "significant in length." The district court also explained that he had already reduced Sandoval-Vasquez's offense level by two levels based on his status as a deportable alien, which reduced the low end of the Guideline range by over four years and nine months. In addition, the district court considered that Sandoval-Vasquez was fifty-seven years old at the time of sentencing but ultimately concluded that his age did not warrant a lower sentence. On this record, we cannot say that Sandoval-Vasquez has rebutted the presumption that his sentence, at the low end of the recommended Guidelines range, is reasonable.

Therefore, the judgment of the district court is AFFIRMED.