**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

June 27, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-2484

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 03 CR 276 |
| NICHOLAS GRIGG, *Defendant-Appellant*. | J.P. Stadtmueller, *Judge.* |

**O R D E R**

Nicholas Grigg appealed his sentence of 37 months' imprisonment for possessing computer video and image files that depicted minors engaging in sexually explicit activity, 18 U.S.C. § 2252(a)(4)(B). He contended that the district court mispprehended its authority, post-*United States v. Booker*, 543 U.S. 220 (2005), to depart from the sentencing range recommended by the Sentencing Guidelines. We ordered a limited remand under *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), to inquire whether the district court understood that it was not bound by the Guidelines. *United States v. Grigg*, 442 F.3d 471, 565-66 (7th Cir. 2006). The district court replied that it was not mistaken about the advisory nature of the Guidelines under the post-*Booker* advisory regime.

Mr. Grigg now contends that his sentence is unreasonable because the district court did not consider adequately that his bipolar disorder had influenced significantly his behavior and that he had made significant progress with his medication plan for the treatment of the disorder.

Mr. Grigg's sentence is presumptively reasonable because it falls within the properly calculated guideline range (indeed it is at the lowest end of the of 37 to 46 months' imprisonment range). *See United States v. Lange*, 445 F.3d 983, 987 (7th Cir. 2006) (citing *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005)). Moreover, Mr. Grigg has not shown that the sentence is unreasonable under the factors outlined in 18 U.S.C. § 3553(a). The record shows that the district court did take into account Mr. Grigg's mental health; the court simply did not give this factor as much weight as Mr. Grigg desired. *See United States v. Baker*, 445 F.3d 987, 991-92 (7th Cir. 2006) (citing *United States v. Ortiz*, 431 F.3d 1035, 1042-43 (7th Cir. 2005)).

Accordingly, we must conclude that the sentence imposed by the district court is reasonable. The judgment of the district court is affirmed.

AFFIRMED