**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued July 11, 2006
Decided July 21, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 05-3817

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 04 CR 968 |
| DOMAS GURINAS, *Defendant-Appellant.* | Samuel Der-Yeghiayan, *Judge.* |

**O R D E R**

Domas Gurinas was convicted of conspiracy to commit fraud with access devices, 18 U.S.C. §§ 1029(b)(2), 2. He argues that the district court erred by refusing to sentence him below the advisory guidelines range. We affirm.

Gurinas pleaded guilty in 2005 for his participation in a credit card fraud scheme in which he stole credit card information from the clients of the limousine company at which he was employed. He sold the information to a coconspirator, who then used it for various illegal purposes, including making fraudulent credit cards. In all, about 150 individuals were defrauded of approximately $89,000; Gurinas himself received roughly $1,200 for his participation in the scheme.

In his presentence investigation report, the probation officer calculated Gurinas's criminal history category as II by assigning him one criminal history

point for a prior conviction (theft of two DVD's from a store display) and two for participating in the credit card scheme while on probation. This criminal history category, combined with an offense level of 13, yielded a recommended guidelines range of 15-21 months' imprisonment.

At sentencing, Gurinas objected to the recommended guidelines range and requested that the court adopt a lesser sentence. He argued that his prior conviction for retail theft was due to "petty and immature" behavior that did not warrant a Category II criminal history; that category, Gurinas asserted, overstated the actual seriousness of the crime. Gurinas thus asked the district court to "depart downward" and sentence him below the recommended guidelines range pursuant to U.S.S.G. § 4A1.3(b)(1).

The district court rejected Gurinas's objection and adopted the recommended guidelines range. The court acknowledged that several factors favored a lesser sentence, namely Gurinas's cooperation with law enforcement agents; his acceptance of responsibility; and the fact that this was his first federal offense. But the court went on to state that the criminal history category did not over-represent Gurinas's criminal history because he was on probation when he committed the credit card fraud, which, the court also noted, is a very serious crime. The court thus concluded that the recommended guidelines range was appropriate, and sentenced Gurinas to 15 months' imprisonment and three years' supervised release.

On appeal Gurinas renews the argument that the district court should have sentenced him below the recommended guidelines range pursuant to § 4A1.3(b)(1). The resulting sentence, he agues, is unreasonable under *United States v. Booker*, 543 U.S. 220 (2005), because it overstates the seriousness of his prior conviction for retail theft and the likelihood that he will commit another crime. Gurinas further argues that the district court "failed to properly consider [his] history and characteristics as required by Section 3553(a)" when imposing the sentence.

Section 4A1.3(b)(1) confers upon sentencing courts the discretion to sentence defendants below the advisory guidelines range "if reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit another crime." U.S.S.G. § 4A1.3(b)(1). Before *Booker*, a district court's decision to "depart downward" under § 4A1.3(b)(1) was discretionary, and thus unreviewable, unless the district court believed it lacked authority to depart. *See, e.g., United States v. Fish*, 388 F.3d 284, 288-89 (7th Cir. 2004); *United States v. Bradford*, 78 F.3d 1216, 1223 (7th Cir. 1996). Since *Booker*, however, the "framing of the issue as one about 'departures' has been rendered obsolete," and now "what is at stake is the reasonableness of the sentence, not the correctness" of a departure ruling. *United States v. Johnson*, 427 F.3d 423, 426 (7th Cir. 2005); *see United*

*States v. Vaughn*, 433 F.3d 917, 923-24 & 924 n.11 (7th Cir. 2006); *United States v. Castro-Juarez*, 425 F.3d 430, 434-35 (7th Cir. 2005). That is not to say that our pre-*Booker* jurisprudence regarding "downward departures" is irrelevant; when examining whether district courts' refusal to impose a sentence below the guidelines range was reasonable, we may seek guidance from our treatment of § 4A1.3(b)(1) before *Booker*. *See Castro-Juarez*, 425 F.3d at 434-35.

With that said, Gurinas presents no persuasive argument as to why his sentence is unreasonable. Gurinas does not argue that the district court improperly calculated his guidelines range; he argues only that the resulting range overstates the seriousness of his prior retail theft conviction. But we presume that Gurinas's sentence is reasonable because it falls within the guidelines range. Gurinas attempts to rebut this presumption by arguing that the district court failed to consider the factors outlined in 18 U.S.C. § 3553(a), *see United States v. Lange*, 445 F.3d 983, 987 (7th Cir. 2006); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005), but the record contains evidence to the contrary. For instance, the court acknowledged Gurinas's cooperation with law enforcement agents, his acceptance of responsibility, and the fact that this was his first federal offense. But ultimately the court determined that these mitigating factors were outweighed by: (1) the fact that Gurinas was on probation when he participated in the credit card scheme, and (2) its belief that credit card fraud is a serious crime. That the court did not afford the mitigating factors as much weight as Gurinas would have preferred does not make his sentence unreasonable. *See United States v. Baker*, 445 F.3d 987, 991-92 (7th Cir. 2006); *United States v. Ortiz*, 431 F.3d 1035, 1042-43 (7th Cir. 2005).

Our pre-*Booker* approach to § 4A1.3(b)(1) similarly supports our conclusion that Gurinas's sentence is reasonable. We recognized that § 4A1.3 applies only when "defendants had steered clear of crime for a substantial period of time," such as ten years. *See United States v. Bradford*, 78 F.3d 1216, 1223-24 (7th Cir. 1996) (citing U.S.S.G. § 4A1.3 cmt. 3). But Gurinas could not have steered clear of crime for a substantial time if he was probation when he participated in the credit card scheme.

AFFIRMED.