UNPUBLISHED ORDER

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued April 20, 2005
Decided August 4, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 04-3137

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, <br><br> v. <br><br> GEORGE E. BAY, JR., *Defendant-Appellant.* | Appeal from the United States District Court for the Northern  District of Illinois, Eastern Division <br><br> No. 03 CR 956-1 <br><br> **David H. Coar**, *Judge.* |

### O R D E R

George E. Bay, Jr., pleaded guilty to one count of mail fraud in violation of 18 U.S.C. § 1341.  Acting at a time when the Sentencing Guidelines were thought to be mandatory, the district court sentenced Bay to 32 months' imprisonment. In *United States v. Bay*, No. 04-3137 (7th Cir., Sept. 14, 2005) (unpublished order), we ordered a limited remand of Bay's sentence in accordance with *United States v. Booker*, 125 S. Ct. 738 (2005), and *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), so that the district court could determine whether it believed that his sentence remains

appropriate now that *Booker* has relegated the Sentencing Guidelines to advisory status. In all other respects, we affirmed the judgment of the district court.

The district court has replied that, now knowing that the Guidelines are not mandatory, it would reimpose the same sentence. The court noted that "[i]f Defendant has [] arguments based upon the factors set forth in 18 U.S.C. § 3553(a), he does not adequately present them at this time." Instead, Bay apparently renewed the same argument that we rejected in our previous decision in this case: that the district court erred in concluding both that Bay had obstructed justice by misstating his financial assets and that Bay was not entitled to a downward adjustment for acceptance of responsibility. Analyzing the § 3553(a) factors, the district court concluded that "[t]he nature and characteristics of his offense, the need to afford adequate deterrence to conduct such as engaging in mail fraud and then attempting to mislead the Government with respect to asset values, the need to protect the public from further crimes such as the scheme to defraud 43 separate companies, all support a finding that the original sentence should stand."

We invited both parties to file any arguments concerning the reasonableness of Bay's sentence. The government filed a statement urging us to find the sentence reasonable and affirm. Bay also submitted a statement, but his memorandum primarily reargues the merits of the obstruction of justice issue. The closest Bay comes to addressing the reasonableness of his sentence is in his suggestion that "[i]f the district court has questions about certain factors, Bay should be given every opportunity to show that his sentencing range was unreasonable when weighed against the section 3553 factors and that justice demands a lower sentence." But this is precisely the opportunity we gave Bay in the *Paladino* remand; he should have, but did not, avail himself of it by raising arguments concerning the § 3553(a) factors to the district court. He has therefore failed to show why his properly-calculated sentence, which is presumed reasonable under *United States v. Mykytiuk*, 415 F.3d 606 (7th Cir. 2005), should not stand, and our own review shows no such reason.

We therefore AFFIRM the sentence imposed by the district court.