UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

November 22, 2006

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 03-3625

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| v. | No. 02 CR 719 |
| JOHN GONZALEZ, *Defendant-Appellant*. | James F. Holderman, *Chief Judge*. |

### O R D E R

John Gonzalez pled guilty to possession with intent to distribute cocaine in violation of 18 U.S.C. § 841(a)(1). On October 1, 2003, the district court sentenced Gonzalez to 188 months' imprisonment under the then-mandatory United States Sentencing Guidelines. Gonzalez appealed his sentence, and we issued a limited remand pursuant to our decision in *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), for a determination of whether the district court would have imposed a different sentence had it not been constrained by the Guidelines. *See United States v. Gonzalez*, No. 03-3625 (7th Cir. July 16, 2006).

The district court has now informed us that it would have imposed the same sentence. We invited both parties to file arguments concerning the appropriate disposition of the appeal in light of the district court's decision. Only the government has done so.

Now that the district court has informed us that it would have imposed the same sentence even if it had not been bound by the Guidelines, "we will affirm the original sentence against [Gonzalez's] plain-error challenge provided that the sentence is reasonable, the standard of appellate review prescribed by *Booker*." *Paladino*, 401 F.3d at 484. We have held that sentences falling within the Guidelines range, such as that received by Gonzalez, are presumptively reasonable. *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). *Cf. Rita v. United States*, No. 06-5754, 2006 WL 2307774 (U.S. Nov. 3, 2006) (granting writ of certiorari on questions including whether it is consistent with *Booker* to accord a presumption of reasonableness to within-Guidelines sentences). Here, the applicable Guidelines range was 188 to 235 months' imprisonment. The district court arrived at that sentence based on Gonzalez's status as a career offender and an offense level of 31. The district court sentenced Gonzalez to 188 months' imprisonment, the low end of the Guidelines range.

On remand, the district court declined Gonzalez's request to be sentenced without regard to his status as a career offender. In doing so, the district court considered the parties' submissions, the Presentence Investigation Report, the record of proceedings at the original sentencing hearing, and the factors listed in 18 U.S.C. § 3553(a). Ultimately, the district court concluded that the 188-month sentence was reasonable given Gonzalez's lengthy criminal history (a history that we note would place him in criminal history category VI even without the career offender enhancement), the seriousness of his offense, the need to promote respect for the law, and the need for just punishment. On this record, we do not find the district court's sentence at the low end of the Guidelines range to be unreasonable, particularly when Gonzalez has offered no compelling justification for deviating from the standard procedure of considering a defendant's status as a career offender at sentencing.

Therefore, the judgment of the district court is AFFIRMED.