UNPUBLISHED ORDER

Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted July 20, 2006
Decided December 7, 2006

*Before*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 05-2497

| | |
|---|---|
| UNITED STATES OF AMERICA, | ] Appeal from the United |
| | ] States District Court for |
| *Plaintiff-Appellee,* | ] the Northern District of |
| | ] Illinois, Eastern Division |
| | ] |
| v. | ] No. 02 CR 1056-1 |
| | ] |
| | ] |
| DARNELL MURRY, | ] |
| | ] **Suzanne B. Conlon,** |
| *Defendant-Appellant.* | ] *Judge.* |

## O R D E R

This case is on appeal from a limited remand from our court pursuant to *United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005). The district court has now determined that it would impose the same sentence if we were to vacate the judgment and remand for re-sentencing even in light of the advisory nature of the Guidelines. We must therefore determine whether the sentence is reasonable. If it is, then any Sixth Amendment violation in the sentencing process did not affect

Murry's substantial rights and thus did not constitute plain error.

Murry's sentence is within the Guideline range, and therefore we must presume that the sentence is reasonable. *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). A defendant may rebut that presumption by demonstrating that his sentence is unreasonable in light of the factors identified in 18 U.S.C. § 3553(a). The parties have had the opportunity to file arguments concerning the appropriate disposition of the appeal in light of the district court's decision. Murry asserts that the district court on remand failed to consider his argument for a reduced sentence pursuant to the § 3553(a) factors, which was that the district court had found the Government's evidence of loss unreliable in the restitution context and therefore should not credit it in determining the loss under the Guidelines.

This argument has been rejected numerous times, in both the district court and in this court. In the prior appeal to this court, we agreed with the district court that the loss calculation under the Guidelines was not  implicated by the district court's concerns with the government's calculation of restitution, and that the remand for recalculation of restitution did not call into question the loss calculation. Both this court and the district court made it clear that the loss calculation is distinct from, and broader than, that of restitution, and therefore evidence not relevant for restitution may nonetheless be relevant in determining loss under the Guidelines. Murry attempts to resurrect that argument under the guise of the § 3553(a) factors, but that is not the proper place for a challenge to the Guidelines loss calculations. He did not challenge that Guidelines range at the initial sentencing, and it is the proper starting point for the court's sentencing determination. Murry has failed to identify any § 3553(a) factors that were not properly considered by the district court on remand, and we have no basis upon which to find that the sentence was unreasonable. Accordingly, we affirm the sentence.