NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Argued March 5, 2008
Decided March 10, 2008

Before

FRANK H. EASTERBROOK, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 07-1861 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee*, | |
| *v.* | |
| OSCAR MARTINEZ-MUNGUIA,<br>    *Defendant-Appellant*. | No. 06 CR 672<br>James B. Zagel, *Judge*. |

**Order**

Oscar Martinez-Munguia pleaded guilty to an indictment charging him with unlawful transportation of aliens, 8 U.S.C. §1324(a)(1)(A)(ii), plus his own illegal reentry into this country, 8 U.S.C. §1326(a), (b)(2). He has been sentenced to 42 months' imprisonment, which he maintains is unreasonably high in light of the assistance he provided in prosecuting his confederates. Yet the sentence is within a properly calculated range under the Sentencing Guidelines and so is presumptively reasonable. See *Rita v. United States*, 127 S. Ct. 2456 (2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).

Martinez-Munguia believes that the district judge misunderstood the extent of his discretion, because he remarked that he could not reduce the range under §5K1.1 without a motion by the prosecutor. The transcript of sentencing demonstrates, however, that the judge was well aware of the proper approach. The first step is to calculate the

guideline range correctly, see *Gall v. United States*, 128 S. Ct. 586, 596 (2007), and this requires respecting all of the rules established by the Sentencing Commission. One of these rules is that a reduction under §5K1.1, which deals with substantial assistance to the prosecutor, depends on the prosecutor's assent. Once the range has been established, a judge is free to impose a sentence above or below that range, to the extent that the criteria in 18 U.S.C. §3553(a) justify a higher or lower sentence. The judge thus may reduce a sentence on account of assistance in prosecuting other cases, whether or not the prosecutor makes a motion under §5K1.1. The judge stated all of this in open court.

Martinez-Munguia's real contention is that the judge should have given him a reward for assistance. Actually the judge did just that. He said that Martinez-Munguia's conduct and criminal history would have led to a sentence above the guideline range, but for the assistance to the prosecutor. The mid-range sentence thus provided a benefit for assistance. The judge also suggested that, if Martinez-Munguia's aid produces more benefits later on, the prosecutor is free to move for an additional reduction under Fed. R. Crim. P. 35(b). The sentence that the judge imposed is substantively reasonable and not marred by any procedural error.

AFFIRMED