UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

April 5, 2006

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 04-1508 | Appeal from the United States District Court for the |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Northern District of Illinois, Eastern Division. |
| *v.* | No. 03 CR 886 |
| JEROME COLEMAN, *Defendant-Appellant*. | Suzanne B. Conlon, *Judge*. |

**O R D E R**

This court ordered a limited remand so the district court could state on the record whether the sentence remains appropriate now that *United States v. Booker*, 543 U.S. 220 (2005), has limited the Sentencing Guidelines to advisory status. *See United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). The district judge has now replied that she would today impose the same sentence, knowing of the guidelines' advisory status.

Coleman filed a response in this court, arguing that his sentence of 92 months is unreasonable. Coleman's advisory guidelines range was 78 to 97 months. A sentence that falls within a properly calculated guidelines range is entitled to a rebuttable presumption of reasonableness; a defendant can rebut the presumption "only by demonstrating that his or her sentence is unreasonable when

measured against the factors set forth in [18 U.S.C.] Section 3553(a)." *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).

Coleman has not rebutted the presumption. The district judge provided an adequate explanation for the 92-month sentence, noting appropriate factors under § 3553(a). She considered Coleman's argument that his personal characteristics—specifically, his education, difficult childhood, military service and family circumstances—warranted a more lenient sentence. The court found these circumstances to be outweighed by the aggravated nature of Coleman's conduct, his abuse of his law enforcement position, the need for deterrence of predatory conduct by law enforcement officers, and the need to assure the public that criminal conduct by law enforcement officers will be severely punished. Additionally, the district judge found in favor of Coleman by declining to apply an abuse-of-trust enhancement.

We see no reason why Coleman's sentence would be deemed unreasonable in post-*Booker* practice. The judgment of the district court is AFFIRMED.