NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 14, 2008[*]
Decided January 29, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 08-1951 | Appeal from the United States District Court for the Northern |
| JEROME COLEMAN,<br>      *Petitioner-Appellant*, | District of Illinois, Eastern Division. |
| | No. 07 CV 1977 |
| *v.* | |
| UNITED STATES OF AMERICA,<br>      *Respondent-Appellee*. | Suzanne B. Conlon,<br>*Judge*. |

**O R D E R**

Jerome Coleman's case makes its third appearance before this court, this time on his motion pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of trial counsel. We previously affirmed his conviction on drug-conspiracy charges, *United States v. Gougis*, 432 F.3d 735 (7th Cir. 2005), and affirmed his sentence following a limited remand pursuant to *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). *United States v. Coleman*,

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See Fed. R. App. P. 34(a)(2).

175 F. App'x 756 (7th Cir. 2006). He now argues that his trial counsel was ineffective for failing to review the contents of the presentence report ("PSR") with him. He alleges that certain information in the PSR—specifically an account of an incident in the jail in which he was reported to have made a throat-slashing gesture at one of his codefendants—was inaccurate. He claims he would have contested this aspect of the PSR if his attorney had in fact reviewed it with him and that his attorney's failure to do so amounted to constitutional ineffectiveness under *Strickland v. Washington*, 466 U.S. 668 (1984).

The government submitted an affidavit from Coleman's trial attorney disputing Coleman's claim that counsel did not review the PSR with him. The district court did not conduct a hearing to resolve the conflict, skipping instead to the prejudice inquiry under *Strickland* and finding none. Indeed, Coleman does not argue that the PSR's reference to the throat-slashing gesture had any effect on his sentence; there was no mention of it at sentencing by the parties or the district court. He argues, rather, that the PSR's inaccurate reference to the throat-slashing gesture might have a negative effect on his "subsequent life in the Bureau of Prisons and prospects in any subsequent judicial proceeding." This sort of claim is not the proper subject of a § 2255 motion; it is not a collateral attack on his conviction or sentence but merely a challenge to an item in the defendant's court file. *See Johnson v. United States*, 805 F.2d 1284, 1288-90 (7th Cir. 1986).

Moreover, even accepting that Coleman's attorney did not review the PSR with him (and we must accept Coleman's version because the district court did not resolve the conflict between attorney and client), under *Strickland* counsel's performance is evaluated in its totality. A single omission can be the basis of relief only "if that error is sufficiently egregious and prejudicial." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Coleman does not contend that his attorney's error was egregious when considered in the context of the whole case; nor could he, since the alleged throat-slashing gesture had no effect whatsoever on his conviction or sentence.

AFFIRMED.