NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Argued June 11, 2014
Decided June 16, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 14-1120 | Appeal from the United States District Court for the Southern District of Illinois. |
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*, | |
| | No. 13-CR-30176-MJR |
| *v.* | |
| | Michael J. Reagan, *Judge.* |
| JAMES HARDIMON,<br>*Defendant-Appellant*. | |

**O R D E R**

James Hardimon pleaded guilty to distributing 0.6 grams of crack in violation of 21 U.S.C. § 841(a)(1). At the age of 56, he was sentenced as a career offender to 120 months' imprisonment, a term that fell below his advisory guidelines range of 151 to 188 months. See U.S.S.G. § 4B1.1(a). In this appeal, he challenges only the substantive reasonableness of his sentence, which (he contends) fails to take into account the tiny quantity of drugs involved and overestimates the seriousness of his criminal history.

Our review of the district court's selection of a sentence is deferential, however, and we find nothing unreasonable about this one. We therefore affirm.

Hardimon's legal problems began when the police in Alton, Illinois, arrested him in July 2013 after he sold crack cocaine to an informant. Hardimon told the police that he had been smoking crack for 27 years, and for 20 of those years he had sold the drug to support his habit. He pleaded guilty to distribution charges and stipulated that he had knowingly sold 0.6 grams of the drug.

Initially, the government filed an information under 21 U.S.C. § 851, in which it signaled its intent to seek an enhanced sentence for Hardimon based on a prior felony-drug conviction. This would have exposed him to a range under the U.S. Sentencing Guidelines of 188 to 235 months, based on an offense level of 31 and a criminal-history category of VI. Later, however, the government withdrew the § 851 information. This had the effect of moving his advisory guidelines range down a couple of notches to 151 to 188 months. The latter range was influenced by the fact that Hardimon was still a career offender for guidelines purposes, see U.S.S.G. § 4B1.1(a), even without the § 851 filing. (Without any career-offender enhancement, his guidelines range would have been just 21 to 27 months, after taking into account the reduction for acceptance of responsibility that he received.)

Hardimon conceded that he was a career offender, but he asked for a 60-month prison term. He offered several reasons for seeking a sentence more than 90 months below the bottom of his advisory range. First, he argued that his offense, which involved less than a gram of crack and no weapons, did not warrant a long sentence in light of the Department of Justice's recent decision no longer to charge "people who have committed low-level, nonviolent drug offenses" with "offenses that impose draconian mandatory minimum sentences." U.S. Dept. of Justice—*Smart on Crime: Reforming the Criminal Justice System for the 21st Century* (Aug. 2013), http://www.justice.gov/ag/smart-on-crime.pdf. Second, he downplayed his six prior domestic-violence convictions by explaining that he and his late wife "got on each other's nerves." Finally, he urged that he did not pose a serious threat to the public because of his age and the fact that his rate of criminal activity had diminished over the years.

For its part, the government argued that Hardimon's criminal history warranted a lengthy term of imprisonment, but that something at the bottom of the revised guidelines range would suffice. It noted that he had admitted dealing crack for two decades; that he had many convictions involving violence and drugs; that he repeatedly

had violated his probation and parole; and that he had committed new crimes upon his release from custody.

The district court settled on 151 to 188 months as Hardimon's advisory range, and that much appears to be common ground between the parties. It found that Hardimon had a "horrendous criminal history," but it concluded that a below-guidelines sentence of 120 months was sufficient here for several reasons: the tiny quantity of the drug; Hardimon's military service; his medical problems (he was awaiting hip-replacement surgery at the time); and his age. The 10-year sentence was necessary, the court explained, to deter Hardimon and others, to punish him, and to promote respect for the law in the East St. Louis community, which is suffering from a "scourge of drugs."

Hardimon acknowledges that we have never found a below-guidelines sentence to be substantively unreasonable, but there is a first for everything, and he urges that his case should break new ground for us. A 10-year sentence for an offense involving only 0.6 grams of crack is shockingly high, in his view. The district court put too much weight on his criminal history, he continues, because his offense of conviction was minor and his record for the last decade has been relatively clean. He concedes that he was incarcerated for several years during that period and that he continued to commit crimes after his release from prison. He continues to appear to minimize his domestic-violence episodes.

We presume that a below-guidelines sentence is reasonable, and the only way a defendant can rebut that presumption is to show that it is nonetheless unreasonably high in light of the factors listed in 18 U.S.C. § 3553(a). *United States v. Noel,* 581 F.3d 490, 500 (7th Cir. 2009); *United States v. Mykytiuk,* 415 F.3d 606, 608 (7th Cir. 2005); see also *United States v. George,* 403 F.3d 470, 473 (7th Cir. 2005) ("It is hard to conceive of below-range sentences that would be unreasonably high." ). Hardimon's sentence, we conclude, is not one.

The district court demonstrated on the record that it took into account the very points Hardimon calls to our attention: the small quantity for which he was convicted and his other personal characteristics (military service, health, and age). The court simply concluded that a 10-year sentence was needed both for punishment and for specific deterrence. Furthermore, the court noted that several of Hardimon's earliest convictions were not reflected in his criminal history, because the guidelines exclude convictions that are too old. See U.S.S.G. §§ 4A1.1 cmt. n.1-3, 4A1.2(e). It was entitled to consider these as part of its analysis under § 3553(a).

Finally, Hardimon argues that his drug addiction should be regarded as a mitigating factor that warrants a lower sentence. While the district court might have viewed it in this light, it was not required to do so. We have observed that "mere addiction, without more, does not compel a below-guidelines sentence." *United States v. Wurzinger*, 467 F.3d 649, 654 (7th Cir. 2006). It follows that addiction also does not, without more, make unreasonable a district court's decision to go 30 months below the recommended guidelines range rather than 90 months.

In the end, despite his disclaimers, Hardimon is asking this court to come up with its own version of a reasonable sentence. That is not our role, however. We are charged only with deciding whether the sentence selected by the district court, using proper procedures, is a reasonable one. We recognize that changes in drug sentencing policy are afoot, but we are required to follow the law applicable to this case. Under that law, the district court's decision must be AFFIRMED.