**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 17, 2017
Decided March 9, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-2434

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the |
| *Plaintiff-Appellee*, | United States District Court for the |
|  | Central District of Illinois. |
| *v.* | No. 14-CR-20041 |
| JOSEPH KOZICKI, | Sue E. Myerscough, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

Joseph Kozicki pleaded guilty to defrauding the United States in violation of 18 U.S.C. § 1031. The presentence report calculated an advisory sentencing guidelines range of 30 to 37 months. The government requested 30 months' imprisonment. Kozicki asked that the court sentence him to a term of probation with no jail time, citing his extremely poor health. According to the presentence report, Kozicki suffers from coronary artery disease, hypertension, hyperlipidemia, diabetes, postherpetic neuralgia, and congestive heart failure.

The district judge sentenced Kozicki to 15 months' imprisonment and 3 years of supervised release. At sentencing the judge acknowledged Kozicki's health problems but determined that adopting Kozicki's request for no jail time would be inequitable and create an unwarranted sentencing disparity. In the written judgment, the judge formally recommended that the Bureau of Prisons ("BOP") place Kozicki in a facility that the BOP could assure the court would be appropriate given his medical conditions.

Kozicki appealed, arguing that the judge committed procedural error by "dictat[ing] to the [BOP] where Mr. Kozicki should be housed" and imposing a "substantively unreasonable sentence that could likely result in Mr. Kozicki's death in prison for a non-violent offense." Shortly thereafter Kozicki moved to extend his BOP reporting date because of a scheduled heart surgery. The judge granted his motion and at the same time corrected what she deemed a clerical error in the original judgment because it did not include her oral recommendation that Kozicki be placed in a facility in Southern California near his medical providers. *See* FED. R. CRIM. P. 36.

Kozicki's main complaint is that the judge erred procedurally by dictating his place of incarceration. But the judge did no such thing. Rather, she *recommended* that Kozicki be placed in a facility that could care for his medical needs; in the amended order, she recommended that he be placed in a facility in Southern California near his doctors. The judge was well within her rights to make these statements: "A sentencing court can *recommend* that the BOP place an offender in a particular facility or program. But decisionmaking authority rests with the BOP." *Tapia v. United States*, 564 U.S. 319, 331 (2011) (citation omitted); *see also* 18 U.S.C. § 3582(a) ("In determining whether to make a recommendation concerning the type of prison facility appropriate for the defendant, the court shall consider any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2).").

Kozicki's real point seems to be that the 15-month sentence is substantively unreasonable because the judge thought the BOP would follow her recommendation as if it were mandatory. The judge's remarks do not support that interpretation. In fact, she indicated a number of times that her statements on prison location were meant as a recommendation—not an edict—to the BOP. In justifying the amendment to the original judgment, the judge reasoned that the first judgment failed to "include the Court's full recommendation." And at a postjudgment motion hearing to extend Kozicki's reporting date due to health issues, the judge noted: "Obviously, [the BOP] is taking that recommendation [to place Kozicki near his doctors] seriously and trying to comply with my wishes … ."

Nor is 15 months' imprisonment a substantively unreasonable sentence. We review a sentence for substantive reasonableness under an abuse of discretion standard, *United States v. Annoreno*, 713 F.3d 352, 356–57 (7th Cir. 2013), and we presume that any sentence within a properly calculated advisory guidelines range is reasonable, *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Here, the sentence imposed was significantly lower than the guidelines range, and we have "never deemed a below-range sentence to be unreasonably high." *United States v. Wallace*, 531 F.3d 504, 507 (7th Cir. 2008).

The judge did not err in recommending Kozicki's place of incarceration to the BOP, nor did she abuse her discretion in sentencing Kozicki to 15 months' imprisonment.

AFFIRMED.